## Stilwell *v.* Smith, Appellant.

*Judgment—Foreign judgment—Suit on foreign judgment—Defense—Death of defendant—Judgment nunc pro tunc.*

A judgment entered against a defendant by a court of record of another state or territory after trial before the court without a jury, decision being reserved, and the entry of judgment being made nunc pro tunc as of the date of the trial, may be enforced against the estate of the defendant in this state, although the defendant himself died after the trial and before the actual entry of the judgment.

The judgment of a competent court in another state being final and conclusive on the merits, no defense can be heard in an action upon it, which goes to the merits of the original controversy and no defense can be set up which might, with proper diligence, have been interposed in the original action.

Argued May 21, 1907. Appeal, No. 273, Jan. T., 1906, by defendants, from judgment of C. P. York Co., Oct. T., 1903, No. 53, for plaintiff on trial by court without a jury in case of William H. Stilwell v. C. Elmer Smith, S. Fahs Smith, S. Perdon Miller and Susan E. Etnier, Executors of last will and Testament of S. Morgan Smith, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a foreign judgment. Before WANNER, J.

The case was tried by agreement by the court without a jury under the Act of April 22, 1874, P. L. 108.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* among others was (1) the admission of the record of the judgment of the Arizona court; (20) entry of judgment for plaintiff.

*J. F. Conroy*, with him *James St. Clair McCall*, for appellant.
—If the Arizona case was fully submitted during the lifetime of
the defendant, the court had no power to render judgment
after his death nunc pro tunc as of a time prior to his death,
when the court had previously, upon suggestion of such death
of record, ordered of its own motion a postponement of fur-
ther proceedings in the case " in order to permit of the substitu-
tion in the meantime of the representatives of said deceased
party," such personal representatives not being so substituted.

Unless the judgment rendered by the Arizona court is a
final judgment, no action can be based upon it in this state.
The courts of one state do not give effect to the interlocutory
judgments or decrees of other states : Board of Public Works
v. Columbia College, 84 U. S. 521; Railroad, etc., Co. v. Mer-
cer, 6 W. N. C. 83; McClung v. McClung, 11 W. N. C. 122;
Palmer v. Palmer, 2 Miles, 373.

*Charles A. Hawkins*, with him *J. S. Black*, for appellee.—
The right exists in a court to enter judgment or decree nunc
pro tunc where the evidence has all been submitted and the
court has taken the case under advisement, ripe for decision :
Mitchell v. Overman, 103 U. S. 62; Borer v. Chapman, 119
U. S. 587 (7 Sup. Ct. Repr. 342) ; judgment entered in 1878 nunc
pro tunc as of 1871 ; Sharon v. Terry, 36 Fed. Repr. 337 ; Cough-
lin v. District of Columbia, 106 U. S. 7 (1 Sup. Ct. Repr. 37);
Bell v. Bell, 181 U. S. 175 (21 Sup. Ct. Repr. 551); Currier v.
Lowell, 33 Mass. 170 ; Wilkins v. Wainwright, 173 Mass. 212
(53 N. E. Repr. 397) ; Fitzgerald v. Stewart, 53 Pa. 343.

Opinion by Mr Justice Potter, June 25, 1907 :

This was an action of assumpsit brought by the plaintiff
against the executors of S. Morgan Smith, deceased, upon the
record of a judgment obtained against S. Morgan Smith, in the
district court of Maricopa county, territory of Arizona, and duly
certified according to the provisions of the act of congress.
The case was tried by agreement of the parties before the court
of common pleas of York county, Pennsylvania, without a
jury, and resulted in the entry of judgment in favor of plain-
tiff for the sum of $3,057.55 and costs. Exceptions to the find-
ings of fact and law by the trial judge were dismissed, and

from the final judgment the defendants have taken this appeal.

The record of the case in the Arizona court shows that the defendant, S. Morgan Smith, appeared and answered the complaint, filed a counterclaim, and by his counsel waived a trial by jury, and appeared at the trial of the case before the court. Both the subject-matter of the suit and the person of the defendant were within the jurisdiction of the court. The case was tried on April 1 and 2, 1903, and the minutes of the court show, under date of April 2, that " There being no further testimony offered on either side, and the evidence being closed, argument of the respective counsel followed, and the cause was fully submitted to the court for its consideration and decision ; and the same was by the court taken under advisement, and the decision herein reserved until a future day." On April 3 defendant's attorney dismissed the counterclaim which he had filed. On April 12, before any decision had been rendered or judgment entered by the court, S. Morgan Smith died, and on April 17 his death was suggested upon the record. On the same day the court, " in order to permit the substitution in the meantime of the representatives of said deceased party," ordered that further proceedings be postponed until May 18. The record does not show that any representative of the deceased defendant was substituted ; but the appellants state in their history of the case, that a special administrator of the estate was appointed by the probate court in Arizona, and at the hearing on May 18 was present in court by his attorney ; and the court below has found this to be the fact. On May 18 the Arizona court ordered that judgment be entered in favor of plaintiff and against defendant for $3,000 with interest and costs, and " that said judgment be entered nunc pro tunc as of the date of submission of said cause, April 2, 1903."

A writ of error was taken from this judgment by Beauchamp H. Smith as an intervening defendant, and was dismissed by the supreme court of Arizona for want of prosecution. The sum of $975 was collected in attachment proceedings in Arizona after entry of the judgment, and the present suit is brought to collect the remainder due thereon.

The first question raised by this appeal, is whether a judgment entered against a defendant by a court of record of

another state or territory, after trial before the court without a jury, decision being reserved, and the entry of judgment being made nunc pro tunc as of the date of trial, can be enforced against the estate of the defendant in this state, the defendant himself having died after the trial, and before the actual entry of the judgment. We have no doubt whatever but that it can be so enforced, and we agree with the trial judge that it should be, in this case.

It was contended on behalf of the defendants in the court below that by the death of the defendant, while the cause was being held under advisement, the Arizona court lost its jurisdiction. This contention was most properly overruled. The authorities are strongly against it. Thus in Fitzgerald v. Stewart, 53 Pa. 343, Justice STRONG said (p. 346) : " At common law the death of either a sole plaintiff or defendant, in any case, abated the suit; yet if, after verdict, either party died in vacation, judgment could be entered that vacation as of the preceding term, and it would be a good judgment, as of that preceding term. The death of the party did not abate the suit in any such sense as to render the court powerless to enter a judgment to take effect from a day prior to the death. So, if either party died after a special verdict, and pending the time taken for argument or advisement thereon, or on a motion in arrest of judgment or for a new trial, judgment could be entered at common law after his death as of the term in which the postea was returnable, or judgment would otherwise have been given nunc pro tunc, that the delay arising from the act of the court might not turn to the prejudice of the party : Tidd's Practice, 846, 847. Personal actions now do not die with the person any more completely than all actions did at common law. There is, and there always has been, in the courts, a common-law power to enter judgment nunc pro tunc, at their discretion, regulated, it is true, by certain rules. To this a statutory power has been added. The statute of 17 Charles II, c. 8, enacted that where either party, in any action, personal, real or mixed, dies between verdict and judgment, his death shall not be alleged for error, so as the judgment be entered within two terms after the verdict. This statute is reported to be in force in Pennsylvania : Roberts' Digest, 369. The language of the act is very general. It applies to all

actions, and so it has been construed.  It recognizes, but does not attempt a substitute for, the common-law power immemorially asserted by courts, to give judgments to take effect from a date prior to their rendition, and to operate as if they had been given at that time.  Sometimes the power is exercised under the statute, and sometimes independently of it. In Murray v. Cooper, 6 S. & R. 126, a judgment was entered nunc pro tunc, as of a date eight years prior to its entry, and Chief Justice TILGHMAN after referring to the statute of Charles II. said : ' In such a case the plaintiff is entitled to his judgment by virtue of the statute, without calling upon the court to exercise any extraordinary power.  But independently of the statute, the court has power, in order to do justice, to enter judgment at their discretion, as of a time when it ought to have been entered.' "

The same principle has been followed in federal courts. Thus in Mitchell v. Overman, 103 U. S. 62, Mr. Justice HARLAN said (p. 64): " The adjudged cases are very numerous in which have been considered the circumstances under which courts may properly enter a judgment or decree as of a date anterior to that on which it is, in fact, rendered.  We deem it unnecessary to present an analysis of the authorities, some of which are cited in note to this opinion, but content ourselves with saying that the rule established by the general concurrence of the American and English courts, is that where the delay in rendering judgment or decree arises from the act of the court, that is, where the delay has been for its convenience, or has been caused by the multiplicity or press of business or the intricacy of the questions involved, or for any other cause not attributable to the laches of the parties, but within the control of the court, the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered up.  In such cases, upon the maxim, Actus curiar neminari gravabit, which has been well said to be founded upon justice and good sense and to afford a safe and certain guide for the administration of justice, it is the duty of the court to see that the parties did not suffer by the delay.  Whether a nunc pro tunc order should be made, depends upon the circumstances of the peculiar case.  It should be granted or refused, as the justice of the cause may require."  To the same effect is Borer

v. Chapman, 119 U. S. 587. In this case the judgment sought to be enforced was entered against a deceased defendant nunc pro tunc, and it was held (p. 596) that the rule of Mitchell v. Overman, supra, applied. Mr. Justice MATTHEWS said (p.602): "The date of that entry (nunc pro tunc) is by a fiction of the law made and considered to be the true date of the judgment for one purpose only, and that is to bind the defendant by the obligation of the judgment entered as of a date when he was in full life."

Neither the accuracy of the record nor the conduct of the case in the Arizona court can be inquired into here. Beyond the question of jurisdiction of the court, or of payment of the judgment, we cannot go: Hughes v. Schreiner, 202 Pa. 488. The cases bearing upon the degree of faith and credit to be given in one state, to the records of judicial proceedings in the courts of another state, are collected and clearly discussed by Judge HENDERSON in Levison v. Blumenthal, 25 Pa. Superior Ct. 55. When it is shown that the court of another state has jurisdiction, its judgment is conclusive and cannot be inquired into: Guthrie v. Lowry, 84 Pa. 533. The law upon this question is thus summed up in 23 Cyc. 1561–62: "In an action on a judgment recovered in another state, defendant may plead any matters absolutely impeaching the validity of the judgment, or showing a payment, satisfaction, or release of it, or where equitable defenses are allowed, any matters which would justify the grant of an injunction to restrain the enforcement of the judgment against him, but he cannot set up any defense to the original cause of action which might and should have been interposed in the suit in which the judgment was rendered. The judgment of a competent court in another state being final and conclusive on the merits, no defense could be heard in an action upon it, which goes to the merits of the original controversy, and no defense can be set up which might, with proper diligence, have been interposed in the original action."

That the judgment in this case, entered in the Arizona court, was final, and was so regarded by that court, is shown by the fact that execution was issued and a considerable sum obtained thereunder in Arizona, which has been credited upon the judgment. We see no merit in any of the specifications of error. They are all overruled, and the judgment is affirmed.