## WEST v. COMMISSIONER OF INTERNAL REVENUE.

No. 10029.

Circuit Court of Appeals, Ninth Circuit.

Oct. 22, 1942.

Jones & Bronson, H. B. Jones, W. L. Grill, and R. B. Hooper, all of Seattle, Wash., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Louise Foster, and Earl C. Crouter, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The question here is whether or not the petitioning taxpayer was entitled to report his income for the year 1937 on the community property basis. The Board of Tax Appeals held that he was not.

Taxpayer married Felita M. West in 1920. In the ensuing years he acquired property consisting largely of stock in an importing concern. The couple at all times were domiciled in the State of Washington, and the property acquired was community property. In the year 1937 taxpayer was general manager of the corporation mentioned and received from it a salary of about $33,000. During the same year the corporation paid him a substantial sum as interest on loans, and he received dividends on his stock in the amount of $32,400.

Prior to that year the Wests had become involved in domestic difficulties due to the wife's excessive drinking. In 1935 taxpayer obtained a divorce in an action brought in the superior court of King County, Washington. The decree became absolute in October 1935. In contemplation of the divorce the Wests entered into a "settlement agreement" which provided, among other things, for the payment by taxpayer of $80 per month as alimony and for the procurement by him of a policy of insurance on his life for the benefit of the wife and their three minor children. By the terms of the agreement taxpayer obtained practically all the community property of the parties, including the capital stock in the importing concern. In its findings of fact in the divorce proceeding the superior court took note of the property settlement, and the conclusions of law and decree formally confirmed the same. There was no appeal from the decree.

Soon after the decree became final taxpayer and Felita resumed marital relations, thereafter living together as man

 

and wife. In 1936 taxpayer caused Felita to be placed in a sanitarium for treatment for alcoholism. The treatment was successful and in 1937 taxpayer informed his attorney that he and his former wife wished the divorce decree to be set aside. Under date of April 12, 1938, the two filed a joint petition in the King County superior court to vacate and set aside the interlocutory and final decrees. Two days later the court, believing it to be in the interest of the parties and their children, and in the public interest, ordered the interlocutory and final decrees vacated and set aside "as fully and to the same extent as though the same had never been entered," and adjudged further "that the findings of fact and conclusions of law heretofore entered in the above entitled action be and the same are set aside and vacated," and that the divorce action be dismissed. This judgment did not in terms nullify or set aside the settlement agreement.

Taxpayer's income taxes for the calendar year 1937 became payable March 15, 1938. He secured an extension of time, and on June 15, 1938, filed his return, reporting the income received during 1937 as community income and computing his tax on the basis of one-half thereof. [1] The Commissioner determined a deficiency on the ground that in 1937 the taxpayer was taxable as a single person. It is the contention of the taxpayer here, as it was before the Board, that the vacating decree restored his marital status as completely as though no divorce had occurred. He says that "in first re-establishing the divorce proceedings and then dismissing them entirely, the vacating decree was intended to and did in fact remove all trace of the divorce proceedings and any effect which they might otherwise have had upon petitioner's status, which thereupon was to be considered as having been that of a married man uninterruptedly from 1920."

We are unable to endorse this view insofar as it is sought to be applied to petitioner's status as a taxpayer in the year in question. The vacating decree did not purport to operate retrospectively upon the settlement agreement, although we may assume that it did have the effect of

abrogating the agreement prospectively.[2] Throughout the year 1937 the taxpayer was legally, and in fact, an unmarried man and his income both on account of his personal services and from his property belonged to himself alone. The situation would be different had the divorce decree been for any reason invalid. The Federal income tax is computed on the basis of an annual accounting, and the right to the tax accrues as the income is earned, United States v. Anderson, 269 U.S. 422, 441, 46 S.Ct. 131, 70 L.Ed 347. No useful purpose would be served by considering the legal situation of parties in aspects unrelated to the revenue laws.

Affirmed.

---

[1] Consult Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239.

[2] In Washington a husband and wife may by agreement effectively change the character of property from community to separate, State ex rel. Van Moss v. Sailors,

180 Wash. 269, 39 P.2d 397, and may make like agreements in respect of personal earnings, Beakley v. Bremerton, 5 Wash.2d 670, 105 P.2d 45; In re Martin's Estate, 127 Wash. 44, 219 P. 838.