ERIK KRAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAGNY KRAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9819, 9820. Promulgated May 16, 1947.

*Lyman Henry, Esq.,* and *A. Wallace Helvern, Esq.,* for the petitioners.

*T. M. Mather, Esq.,* for the respondent.

## OPINION.

VAN FOSSAN, *Judge*: It is contended by the respondent that the trusts herein involved, having been executed after 1931 and not having been made expressly irrevocable by the instrument creating them, are revocable under section 2280 of the Civil Code of California as amended in 1931 [1] (*George S. Gaylord*, 3 T. C. 281; affd. (C. C. A., 9th Cir.), 153 Fed. (2d) 408), and hence, the income of the trusts is taxable in equal shares to the petitioners under section 166 of the Internal Revenue Code. Respondent makes no claim that the income is taxable to petitioners under section 22 (a), Internal Revenue Code.

The petitioners admit that the law of California is determinative as to the nature of the trusts and as to the property rights created thereunder. They contend that the trusts were expressly made irrevocable by the instruments creating them. In support of their contention it is argued that each trust agreement is not a mere declaration of trust, as in the *Gaylord* case, *supra;* that the title of each instrument contains the words "Deed of Gift"; that the opening paragraph of each instrument refers to "This Deed of Gift" between the donor and donees; that the following paragraph states that the donor "hereby conveys to each donee" the shares of stock mentioned; and that under section 1148 of the Civil Code of California [2] a gift can not be revoked. It is further argued that the words "now and hereafter," in the phrase "the said donor desires now and hereafter to transfer to Erik Krag, Trustee, the shares of stock hereinbefore described," constitutes an express statement that the trusts are to be irrevocable.

---

[1] § 2280. Revocation of trusts. Unless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor by writing filed with the trustee. When a voluntary trust is revoked by the trustor, the trustee shall transfer to the trustor its full title to the trust estate. Trusts created prior to the date when this act shall become a law shall not be affected hereby. [Amendment approved June 15, 1931; Stats. 1931, p. 1955].

[2] § 1148. Gift not revocable. A gift, other than a gift in view of death, can not be revoked by the giver.

Such arguments are without merit. The language of section 2280, Civil Code of California, is not ambiguous. It provides that "unless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor." Their intentions to make irrevocable trusts are not determinative under the statute unless "expressly" stated in the instruments creating the trusts. What is required by the statutory phrase "unless expressly made irrevocable by the instrument creating the trust" is well illustrated by the directive in the reformation suit decree requiring each defendant, petitioners herein, to insert in the trust agreement executed by them the sentence: "The trust hereunder is expressly made irrevocable by the Donor." This directive was in accordance with the prayer of the complaint in that action. The trusts herein involved were not "expressly made irrevocable by the instrument creating" them and hence were revocable by the trustors. *Title Insurance & Trust Co.* v. *McGraw*, 164 Pac. (2d) 846; *Gaylord* v. *Commissioner, supra.* See also *Hughes* v. *Commissioner* (C. C. A., 9th Cir.), 104 Fed. (2d) 144, 147.

The petitioners intended to make and they made gifts in trust and not gifts *inter vivos*, the subject of section 1148, *supra.* This appears from the trust agreements wherein each donor expressed his or her desire to transfer the shares to the trustee named. It also appears from the allegations in the complaint in the suit for reformation, admitted by each petitioner, that the certificates representing the 300 shares were placed in the name of Erik Krag as trustee. There are well recognized differences between gifts *inter vivos* and gifts in trust, and a transaction can not be both. In the case of a gift *inter vivos*, title, possession, and control must pass to the donee, whereas in the case of a gift in trust, legal title is retained by the donor or transferred to a third person to hold for the purposes of the trust, the equitable title only passing to the *cestui que trust. Hyman* v. *Tarpler*, 149 Pac. (2d) 453; *In re Alberts' Estate*, 100 Pac. (2d) 538; 38 Cal. App. (2d) 42; *Murdock* v. *Murdock*, 194 Pac. 762; 49 Cal. App. 775; 39 C. J. S., Gifts, sec. 8, pp. 785–6. Where a gift *inter vivos* of stock is made there must be a present vesting of title by endorsement or separate assignment and delivery of the certificate. *Klein* v. *Farmer*, 160 Pac. (2d) 30, 330; *Field* v. *Mollison*, 123 Pac. (2d) 603; 59 Cal. App. (2d) 585; sec. 330.1, Civil Code of California.

Neither is it determinative that in the gift tax returns the trusts were reported as irrevocable. "These returns were simply a report to the Government required by law and did not purport to change the nature of the trust. Any effective changes had to be in the instrument itself." *Gaylor* v. *Commissioner, supra.*

Petitioners further argue that the trusts were not "voluntary trusts" under the rule of *Touli* v. *Santa Cruz County Title Co.*, 67 Pac. (2d) 404, for the reason that each trust was not "an obligation arising out of a personal confidence reposed in, and voluntarily accepted by, one for the benefit of another" (sec. 2216, Civil Code of California), but each evidenced an obligation arising out of, and created pursuant to, a binding contract. Similar arguments were made in *Gaylord* v. *Commissioner, supra*. The statements made by the Circuit Court in that regard are equally apposite herein, as follows:

* * * the trust here created was a voluntary trust. It was the free act of the grantors and not affected by any form of compulsion. It reflected their desires to make a gift to their daughters to provide them with financial security. * * * Taxpayers did owe the duty of support and education to the younger daughter who was 19 when the trust was created (see Sections 25, 196 and 197, Civil Code of California) but even this obligation did not oblige them to create a trust for her benefit.

The argument that there was consideration for the trust *in that* each of the trustors agreed to make the declaration in consideration of the agreement of the other to make a contribution to the trust corpus, is not persuasive. The trust instrument recites no consideration * * *

The consideration recited in the trust agreements herein is the love and affection which each donor bore to the two beneficiaries named.

It is contended by petitioners that if the original trust instruments are not by their terms expressly irrevocable, then by reason of their judicial reformation the trusts were at all times irrevocable, citing *Blair* v. *Commissioner*, 300 U. S. 5; *Helvering* v. *Stuart*, 317 U. S. 154; *Hugh D. Rhodes et al., Administrators*, 41 B. T. A. 62; affd., 117 Fed. (2d) 509; *George N. Spiva*, 43 B. T. A. 1174; *Trust A #3586*, 46 B. T. A. 846; and *Eva V. Townsend*, 5 T. C. 1380.

It is true that the decree in the reformation suit ordered that each trust agreement "be reformed as of its original date to express the true intention of all of the parties thereto." It is also true, as contended by petitioners, that the cited cases hold that decisions of state courts determining property rights are binding upon Federal courts. However, such rule applies only to a decision entered in a proceeding presenting a real controversy for determination. The decision must be on issues "regularly submitted and not in any sense a consent decree." *Freuler* v. *Helvering*, 291 U. S. 35, see also *Francis Doll*, 2 T. C. 276; affd., 149 Fed. (2d) 239; certiorari denied, 326 U. S. 725; *Tatem Wofford*, 5 T. C. 1152, 1161–1163; *Leslie H. Green*, 7 T. C. 263, 274. In the suit herein involved there was no real controversy. The purpose of the suit was to reform and amend the trust agreements so as to bring them without the purview of section 2280, i. e., to make them irrevocable. All the parties to the suit were in agreement in that

respect. The petitioners, in so far as the records disclose, may have initiated the reformation suit, and probably did, since the beneficiaries were minors and there is no evidence of any controversy. The cases cited by petitioners are distinguishable and hence not applicable. They involved decisions of state courts of competent jurisdiction rendered in adversary proceedings after a hearing upon the merits, all of which decisions were in no sense consent decrees or "collusive in the sense that all the parties joined in a submission of the issues and sought a decision which would adversely affect the Government's right to additional income tax." *Freuler* v. *Helvering, supra.* In *Sinopoulo* v. *Jones* (C. C. A., 10th Cir.), 154 Fed. (2d) 648, the taxpayer executed declarations of trust for the benefit of his two daughters. Thereafter, effective as of August 1, 1941, Oklahoma passed a statute providing that every trust created under the laws of Oklahoma "should be revocable by the trustor unless expressly made irrevocable by the instrument creating the same." Because of the statute and of a doubt as to the construction that might be attempted to be placed upon the declarations of trust, taxpayer's daughter Mary, who had married against his will, brought suit for herself and as the next friend of her minor sister against taxpayer, asking for a construction as to the revocability of the trusts and for a reformation thereof. The court reformed the trust instruments by striking out a certain paragraph therein and inserting in lieu thereof another paragraph reading in part, as follows: "The trusts hereby created shall be and are irrevocable." The judgment of the court made the reformation retroactive and effective as of December 14, 1939, the date of the execution of the written declarations of trust. As to the effect of such judgment, the Circuit Court stated:

The liability of appellant for the income tax chargeable to the income of the trusts for the years in question [1939, 1940, and 1941] must be determined from the provisions of the trusts prior to their reformation by the state court. While the judgment of the state court made the reformation of the trusts retroactive and effective as of the date of the execution, this could not affect the rights of the government under its tax laws.

The court held that the tax liability of Sinopoulo for the three years in question was to be determined from the provisions which he included in the declarations of trust which he executed, and not from what he intended to include therein.

Under section 2280 each trust was revocable by its trustor during the years herein involved. Under section 166 of the Internal Revenue Code, the income derived from a revocable trust must be included in computing the net income of its grantor. The action of the respondent in including the income of the trusts in the income of petitioners in equal shares must be approved.

*Decisions will be entered for the respondent.*