DOROTHY TURKOGLU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79950. Filed June 20, 1961.

*Dorothy Turkoglu,* pro se.
*Albert Squire, Esq.,* for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency of $183.51 in petitioner's income tax for the year 1957. The issue for decision is whether any part of $819 of support payments received by petitioner in 1957 from her husband was a sum fixed by a court order as a sum payable for the support of their minor child within the meaning of section 71(b) of the Internal Revenue Code of 1954.[1]

---

[8] SEC. 165. LOSSES.

[1] All section references herein are to the Internal Revenue Code of 1954, as amended.

FINDINGS OF FACT.

Some of the facts have been stipulated and they are found accordingly.

Petitioner, Dorothy Turkoglu, is an individual residing in Glenolden, Pennsylvania. She filed her individual income tax return for the calendar year 1957 with the district director of internal revenue for the district of Philadelphia, Pennsylvania.

In February 1957 petitioner applied to the Court of Quarter Sessions of the Peace in and for Delaware County, Pennsylvania, for an order for support against her then husband, Hulusi Turkoglu, in favor of herself and their son, Burt. That court, on February 21, 1957, issued an "Order for Support" which provided, in part:

AND Now, this 21st day of Feb., 1957, after hearing, the Court hereby orders and directs that the defendant above named pay the sum of Fourty two [sic] dollars ($42.00) per semi-monthly for the support and maintenance of your wife and one child * * *

The order was entered on a printed form. The portions underscored above were typed into blanks provided on the form.

Petitioner and her husband were divorced in 1958. In 1957 petitioner's son lived with her. In that year petitioner received $819 from her husband pursuant to said order, none of which she reported on her 1957 income tax return.

Respondent, on January 26, 1959, determined a deficiency of $183.51 in petitioner's 1957 income tax by including the $819 received under the court order in her income.

On April 20, 1959, petitioner wrote a letter to the Chief Probation Officer of Delaware County, Pennsylvania, in which she stated, in part:

After I spoke to you today, I called the Appellate Division of the Internal Revenue Service, advising that it would be possible to get a clarification of the court order [of February 21, 1957] * * *.

The litigation with the Internal Revenue Service concerns the wording of the order for support, * * *. As I am divorced and therefore not entitled to alimony in Pennsylvania, and inasmuch as my ex-husband has left the United States * * * to return to his native Turkey, I am not requesting that the court order be amended for the future. I am only requesting the Court to correct its failure to allocate the specific portion intended for wife and child separately. A petition for clarification of order for support has been prepared, which you advised me is not necessary, as your office will make the motion in court. However, I have enclosed herewith a draft of an order for modification which the Internal Revenue Service advises me is my only recourse in the matter. * * *

On April 20, 1959, the said court issued an "Order for Modification" which provided, in part:

AND Now, this 20th day of April 1959, Petitioner requests that the Order of this Court, issued * * * on the 21st of February 1957, be hereby clarified to read as follows:

### ORDER FOR SUPPORT

AND Now, this 21st day of February, 1957, after hearing, the Court hereby orders and directs that the defendant above named pay the sum of Fourteen dollars ($14.00) semi-monthly for the support and maintenance of your wife and the sum of Twenty-Eight dollars ($28.00) semi-monthly for the support and maintenance of the child * * *.

Both orders were signed by the same judge.

### OPINION.

Section 71(a)(3), I.R.C. 1954, provides, in part:

If a wife is separated from her husband, the wife's gross income includes periodic payments * * * received by her * * * from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * *

The original order of February 21, 1957, directed the payment by the husband of $42 semimonthly for the support and maintenance of petitioner "and one child." Petitioner received $819 from her husband that was paid to her pursuant to the above order. Because the order did not fix the sum to be paid for the support of the child, all payments thereunder would be includible in petitioner's gross income. *Commissioner* v. *Lester*, 366 U.S. 299.

Petitioner argues in effect that the failure of the court to allocate the specific portion intended for the child's support was a mistake; that this mistake was corrected by the "Order for Modification" of April 1959 fixing $28 of each semimonthly payment for support of the child; and that the order of April 1959 was a *nunc pro tunc* order which when given retroactive effect, renders two-thirds of the $819 she received child support money and only the balance includible in her gross income. She argues this case is indistinguishable from *Margaret Rice Sklar*, 21 T.C. 349, and *Velma B. Vargason*, 22 T.C. 100, in which we gave retroactive effect to *nunc pro tunc* orders by which State courts corrected mistakes in prior decrees.

We cannot agree with petitioner's position. A *nunc pro tunc* order retroactively corrects an original record which is erroneous through inadvertence or mistake. *In re Wight*, 134 U.S. 136; *In re Jurkowitz' Estate*, 359 Pa. 570, 59 A. 2d 895. The power to remedy defects or omissions in its records is inherent in courts of justice, *Gagnon* v. *United States*, 193 U.S. 451. This power is also conferred on Federal courts by statute, *Gagnon* v. *United States, supra*, and in Pennsylvania courts by the common law reinforced by common law statute.[2] *Stilwell* v. *Smith*, 219 Pa. 36, 67 Atl. 910. An order need not necessarily

---

[2] 17 Charles 2, ch. 8. (reign Jan. 30, 1649, to Feb. 6, 1685, including interregnum).

contain the words *nunc pro tunc* to be given effect as such, if it appears that a retroactive correction of the record was intended by the order in question. *Ellis* v. *Clark*, 173 Ga. 618, 160 S.E. 780; *Cornell* v. *Cornell*, 7 N.Y. 2d 164, 164 N.E. 2d 395. And see *Evans* v. *Freeman*, 140 F. 419 (C.C.E.D. Pa.). In both *Sklar* and *Vargason* it clearly appears that the State courts intended the later orders to be *nunc pro tunc* corrections In prior decisions of this Court in which we have found *nunc pro tunc* orders existed (whether or not we accorded them retroactive effect) such orders have uniformly appeared to be intended by the State courts to be *nunc pro tunc*.[3]

Here, the Delaware County Court did not label its "Order for Modification" a *nunc pro tunc* order and nothing in the order itself shows that it was issued to correct an error or inadvertence appearing in the original order. Indeed, the contrary appears. The term "modification" used by the court, connotes change, not correction.[4] We conclude that the court's later order was not issued *nunc pro tunc*. We can find nothing to indicate that its original decree did not correctly reflect the court's intention at the time it was entered.

There is no magic in the words *nunc pro tunc*. Even if the State court's order is nominally *nunc pro tunc*, it will not be given retroactive effect by this Court if it alters the legal status of the parties concerned. *Michel M. Segal*, 36 T.C. 148. The State court's "Order for Modification" of April 1959 does not correct a mistake which appeared in the original order, but rather changes the rights of the parties.

The original order of the court provided that petitioner and her child were to receive $42 semimonthly for their support. It did not fix a specific amount for the support of the child. Petitioner could spend all or none for the support of the child without violating the order. The 1959 order "clarified" the original order and provided that the husband was to pay $28 semimonthly for the support of the child. Under this order, if petitioner had spent part of the $28 for purposes other than the support of the child she would have violated the order. Whatever the effect of the 1959 order may be, it is not binding on this Court insofar as it attempts to determine retroactively the status of a husband or wife under sections 215 and 71, as it does. *Robert L. Daine*, 9 T.C. 47, affd. 168 F. 2d 449. The question of the inclusion of $819 in petitioner's income is thus to be determined by the original court

---

[3] In addition to the *Sklar* and *Vargason* cases, see *Michel M. Segal*, 36 T.C. 148; *William F. Ashe*, 33 T.C. 331, revd. 288 F. 2d 345; *M. T. Straight Trust*, 24 T.C. 69, affd. 245 F. 2d 327; *Peter Van Vlaanderen*, 10 T.C. 706, affd. 175 F. 2d 389; *Robert L. Daine*, 9 T.C. 47, affd. 168 F. 2d 449; *Erik Krag*, 8 T.C. 1091; *Louise Savage Knapp Trust A*, 46 B.T.A. 846; *James E. West*, 44 B.T.A. 1159, affd. 131 F. 2d 46. And see *Saxe Perry Gantz*, 23 T.C. 576.

[4] "MODIFICATION. A change; an alteration which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject matter intact. * * * [Black's Law Dictionary (4th ed.)]."

order of 1957. Under the terms of this order the entire amount of the payment is includible in petitioner's income. *Commissioner* v. *Lester, supra; Constance B. Kirby*, 35 T.C. 306.

We hold respondent correctly determined the deficiency in question.

*Decision will be entered for the respondent.*