Robert C. & Charlotte R. Richards v. Commissioner.
Richards v. Commissioner
Docket No. 93542.
United States Tax Court
T.C. Memo 1963-15; 1963 Tax Ct. Memo LEXIS 337; 22 T.C.M. (CCH) 63; T.C.M. (RIA) 63015; January 10, 1963
Robert C. Richards, pro se. 20 W. Riverside Dr., Whitman, Mass. Raoul E. Paradis. Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax for 1958 in the amount of $135.96. The question for decision is whether amounts, aggregating $600, paid to a divorced wife in 1958 by her former husband are includable in her gross income under Section 71(a), Internal Revenue Code of 1954, or *338 whether they represent payments solely for support of a minor child, non-taxable under Section 71(b), in accordance with a retroactive amendment to the divorce decree. Findings of Fact Some of the facts have been stipulated and are incorporated herein by reference. Robert C. Richards and Charlotte R. Richards, the petitioners herein, are husband and wife residing in Whitman, Massachusetts. They filed their joint Federal income tax return for the calendar year 1958 with the district director of internal revenue for the district of Massachusetts. Charlotte was formerly married to Allen MacDonald. They were divorced on November 30, 1949, [1] in Massachusetts pursuant to a decree nisi, which became absolute after six months. Their son, Peter, was then about six years old. The decree provided in part that - the libellant [Charlotte] have the care and custody of Peter Allen MacDonald, minor child of the parties, the libellee to have the right to visit said child at all reasonable times, said libellee *339 to pay to the libellant the sum of fifteen (15) dollars each week for the support of herself and said child for one year, and thereafter, to pay the sum of twenty (20) dollars each week for such support. Charlotte and Robert C. Richards were married on September 27, 1950. During 1958 Charlotte had custody of Peter, and he resided with the petitioners. After her remarriage Charlotte never received payments in the full amount required by the decree, but she did receive payments in reduced aggregate amounts from her former husband. The reduction in payments was made pursuant to an oral understanding reached between the parties after Charlotte's subsequent marriage. In 1958, she received from her former husband periodic payments of $50 a month, or a total of $600 for the year. Such payments were not reported as income on the petitioners' return for that year. On March 15, 1960, pursuant to a petition filed the same day by Charlotte and assented to by her former husband, the Massachusetts divorce court modified the original divorce decree as follows: IT IS DECREED that said decree dated November 30, 1949, be, and the same hereby is, modified in that the libellee is ordered to *340 pay to the libellant the sum of fifty (50) dollars each month for the support and maintenance of the minor child in her custody, effective as of September 27, 1950. Opinion RAUM, Judge: If the original divorce decree had not been amended there can be little question that the disputed payments would be chargeable as income to the wife under Section 71(a), Internal Revenue Code of 1954, and would not fall within Section 71(b). [2]Commissioner v. Lester, 366 U.S. 299, has authoritatively settled the matter, holding that where the decree requires support payments for the wife and children without specifying the portion or amount thereof pertaining to the children the statutory provisions [3] rolating to child support are inapplicable since the decree or written instrument incident to the divorce does not "fix" the amount payable for child support. *341 This Court had attempted to give a less rigid interpretation to these provisions 32 T.C. 1156), but the Supreme Court ruled otherwise. It held that it is not enough that there be "a sufficiently clear purpose" as to the portion allocable to child support; rather, the decree or written instrument incident to the divorce must "specifically designate" or "fix" the amount or portion of the payment which is to go to the support of the children. 366 U.S. at pp. 303, 305. Accordingly, since the 1949 decree imposed upon the divorced husband the obligation of making certain periodic payments to the wife "for the support of herself and said child" without further specification as to the amount intended for the child, it is plain that any support payments made under that decree would not be covered by Section 71(b). Is a different result required by reason of the 1960 modification of the decree? We think not. The payments in question were made in 1958. And notwithstanding the attempt to make the modification retroactive, it could not change the fact that when the controverted payments were made in 1958 there was then no decree or written instrument under which such *342 payments could qualify under Section 71(b). The tax liabilities of the parties became fixed at that time and could not be retroactively altered by a subsequent state court decree. Robert L. Daine, 9 T.C. 47, affirmed 168 F. 2d 449 (C.A. 2); Peter Van Vlaanderen, 10 T.C. 706, affirmed 175 F. 2d 389 (C.A. 3); Michael M. Segal, 36 T.C. 148; Dorothy Twkoglu, 36 T.C. 552. This is not a case where an error was thought to exist in the earlier decree which was subsequently corrected by a nunc pro tune order. Cf. Margaret Rice Sklar 21 T.C. 349; Vehma B. Vargason, 22 T.C. 100. Here, there is no suggestion that the original decree had not been correctly entered. It continued to define the rights of the parties until modified. A mere oral understanding subsequently arrived at between them does not constitute such modification, and does not meet the statutory requirement that the support provisions be spelled out in the decree or in a written instrument incident to the divorce. The Supreme Court in the Lester case made clear that in this area the statute is not to be given an expansive construction. *343 Decision will be entered for the respondent. Footnotes
1. The stipulation of facts states that the divorce decree was entered on November 13, 1949, but the decree itself, which is part of the stipulation, is dated November 30, 1949.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. * * *↩
3. Lester involved Section 22(k) of the 1939 Code., which contains provisions substantially identical with the ones in Section 71↩ of the 1954 Code to the extent that they relate to the present problem.