Alvin L. Pinkney v. Commissioner. Richard A. Thompson and Alberta P. Thompson v. Commissioner.
Pinkney v. Commissioner
Docket Nos. 2439-64 and 2623-64.
United States Tax Court
T.C. Memo 1965-317; 1965 Tax Ct. Memo LEXIS 14; 24 T.C.M. (CCH) 1769; T.C.M. (RIA) 65317; December 9, 1965
*14 A 1955 divorce decree required petitioner, Pinkney, to make weekly payments to petitioner, Alberta P. Thompson, "as permanent alimony for the maintenance of herself and their minor child." In 1962, the decree was modified, allegedly retroactively, to provide that the payments were "solely for the maintenance and support of the minor child." Held, payments under the decree during 1959 and 1960 constituted alimony. Alvin L. Pinkney, pro se in Docket No. 2439-64. Thurman L. Dodson, 626 Third St., N.W., Washington, D.C., for the petitioners in Docket No. 2623-64. George K. Dunham, for the respondent. TANNENWALD
TANNENWALD, Judge: Respondent determined deficiencies in the income taxes of the petitioners as follows: Petitioner
Dkt. No.
Year
Deficiency
Alvin L. Pinkney
2439-64
1959
$158.64
1960
214.44
Richard A. Thomp-
son and Alberta
P. Thompson
2623-64
1959
121.01
1960
137.50
These cases have been consolidated for trial. All issues raised in the deficiency notices have been settled with the exception of whether amounts aggregating $550 in 1959 and $475 in 1960 paid in accordance with a retroactive amendment to a divorce decree constitute alimony taxable to the wife under section 71(a) [1] and deductible by the husband under section 215(a), or whether they represent payments solely for support of a minor child. *16 Findings of Fact Some of the facts have been stipulated and are incorporated herein by reference. Petitioner Alvin L. Pinkney (hereinafter referred to as Pinkney) is an individual residing in Washington, D.C. He filed timely individual Federal income tax returns for the years 1959 and 1960 with the district director of internal revenue at Baltimore, Maryland. Petitioners Richard A. Thompson and Alberta P. Thompson (hereinafter referred to as Alberta) are husband and wife residing in Washington, D.C. They filed timely joint Federal income tax returns for the years 1959 and 1960 with the district director of internal revenue at Baltimore, Maryland. Prior to December 16, 1955, Alberta was the wife of Pinkney. One child, Larry DeWayne Pinkney (hereinafter referred to as Larry), was born of this marriage. On December 16, 1955, Alberta and Pinkney were divorced by decree of the United States District Court for the District of Columbia. Pursuant to the decree, Alberta was awarded custody of Larry and Pinkney was required to pay to Alberta "as permanent alimony for the maintenance and support of herself and their minor child, Larry DeWayne Pinkney, the sum of $12.50 on the 2nd *17 day of each and every week hereafter, the first payment to be due and payable on the 23rd day of December, 1955." In 1957 Alberta filed a "Motion to Increase Maintenance" with the District Court in which she characterized the original order as an "award for maintenance" and alleged that it was inadequate properly to maintain Larry. Pinkney opposed the motion on the grounds that there had been no change in his financial circumstances; he did not object to Alberta's characterization of the original order. The Domestic Relations Commissioner recommended that the motion be denied on the ground that there had not been a showing of sufficient change in Pinkney's circumstances. The motion was then withdrawn. On November 30, 1962, the United States District Court for the District of Columbia, at the instance of Alberta and without objection by Pinkney, entered an order entitled. "Findings of Fact, Conclusions of Law and Order Modifying Final Judgment" which stated in part: FINDINGS OF FACT 1. That although the final judgment herein does use the words in regard to the payments by the plaintiff and cross-defendant as "alimony for herself and her minor child" that the payment was nevertheless *18 always intended simply as maintenance for the support of the minor child, Larry DeWayne Pinkney. 2. That initially the report of the Domestic Relations Commissioner referred to the allowance as support for the child. 3. That in various motions filed by both the plaintiff and defendant both for increase and decrease in payment without exception referred to the payments as maintenance for the child. 4. That the Internal Revenue Service has construed the order herein as alimony because of the use of the words "alimony and for herself". WHEREUPON, the Court makes the following CONCLUSION OF LAW That the order should be modified to reflect the intentions of the parties both by their own admissions and as reflected in the record. WHEREUPON, the Court enters the following JUDGMENT 1. That the final decree entered herein on the 16th day of December, 1955 be, and the same is hereby modified by striking therefrom the word "alimony" and the words "for herself" from the aforesaid final judgment herein, and it is further ORDERED, ADJUDGED and DECREED: That the sum allowed is solely for the maintenance and support of the minor child of the parties. Pursuant to the December 16, 1955 decree, *19 Pinkney paid to Alberta the amounts of $550 in 1959 and $475 in 1965. Opinion The issue with which we are concerned is whether the 1959 and 1960 payments made by Pinkney to Alberta were alimony or were for the purpose of support of Larry. If they were alimony, they are includable in Alberta's gross income under section 71 and deductible by Pinkney under section 215. If they were child support and therefore not alimony, they would neither be includable in Alberta's gross income nor deductible by Pinkney. See section 71(b). Pinkney for the years in question claimed Larry as a dependent but did not attempt to deduct the amounts paid as alimony under section 215. Respondent in his notice of deficiency disallowed the dependency exemption. Pinkney has conceded that the disallowance is correct and in any event there is no evidence as to how much was expended for Larry's support or as to whether Pinkney contributed more than one-half thereof. He claims, however, that the amounts paid in 1959 and 1960 should be deductible by him as alimony under section 215. Alberta did not include any of the payments as alimony under section 71. Respondent in his notice of deficiency included the payments *20 as alimony in Alberta's income. Respondent did not question Alberta's claim that Larry was a dependent. Respondent is admittedly in the nature of a stakeholder, insisting only that the payments be consistently treated by both taxpayers as either alimony or child support. The decree of December 16, 1955 not only did not expressly allocate a sum to be paid solely for the support of Larry, but specifically defined the payments as alimony. If this were all there were to the case, all payments would be considered alimony includable in Alberta's gross income under section 71 and deductible by Pinkney under section 215. Commissioner v. Lester, 366 U.S. 299 (1961). However, Alberta argues that the failure of the District Court to declare that the payments were to be solely for the support of Larry was a mistake which was corrected retroactively by the order of November 30, 1962 and that the effect of the order was nunc pro tunc, rendering all past payments support so as not to be includable in her income. Perhaps as an a priori question, parties to a divorce ought to be able to effect a retroactive correction to reflect their original intentions. But we have been enjoined *21 by the decision of the Supreme Court in Commissioner v. Lester, supra, not to indulge in an "expansive construction" of section 71. See Robert C. Richards, T.C. Memo. 1963-15. The rationale of Lester is supported by the legislative history of section 22(k) of the Internal Revenue Code of 1939, added by the Revenue Act of 1942, the predecessor of section 71. The committee reports clearly indicate that the test is whether there is a specific designation of the portion of the payments for the support of children at the time the payments are received. S. Rept. No. 1631, 77th Cong., 2d Sess., p. 86 (1942), 1942-2 C.B. 504, 570; H. Rept. No. 2333, 77th Cong., 2d Sess., p. 74 (1942), 1942-2 C.B. 372, 429. And this Court has consistently refused, since Lester was decided, to give retroactive effect to judicial determinations by local courts as to what constitutes alimony and what constitutes payment for support. Dorothy Turkoglu, 36 T.C. 552 (1961); Robert C. Richards, supra; cf. Hazel H. Potter, T.C. Memo. 1963-28; see also Michel M. Segal, 36 T.C. 148 (1961), decided just prior *22 to Lester. We consider these decisions determinative of the issue involved herein, particularly in light of the fact that the original decree of the District Court was subsequently only "modified," without a specific statement on the part of the District Court that such modification was to be given retroactive effect. Cf. Dorothy Turkoglu, supra.Such a conclusion further avoids varying results between jurisdictions because of possible differences in the powers of local courts to enter retroactive decrees, thereby implementing the basic legislative policy of producing "uniformity in the treatment of amounts paid * * * regardless of variance in the laws of different States." S. Rept. No. 1631, supra, p. 83; H. Rept. No. 2333, supra, p. 72. Accordingly, we find that the payments of $550 in 1959 and $475 in 1960 were alimony includable in Alberta's gross income and deductible by Pinkney. In order to reflect our decision and the other issues conceded by the parties, Decisions will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩