PAUL A. THOMAS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 4992-77.
United States Tax Court
T.C. Memo 1978-323; 1978 Tax Ct. Memo LEXIS 192; 37 T.C.M. (CCH) 1340; T.C.M. (RIA) 78323; August 16, 1978, Filed *192 Held, petitioner is not entitled to deduct child support and voluntary payments made in 1972 and 1973 as alimony payments. Sec. 215, I.R.C. 1954. Held further, the underpayment of petitioner's taxes was due to negligence or intentional disregard of rules and regulations. Sec. 6653(a), I.R.C. 1954. Paul A. Thomas, Jr., pro se. Judy Jacobs, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION *193 WILES, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes: Addition to Tax Year
Deficiency
[1] Sec. 6653(a) 1972
$ 2,021.01
$ 101.05
1973
1,387.76
69.39
The issues are: (1) whether petitioner is entitled to an alimony deduction in 1972 and 1973 under section 215(a); and (2) whether any part of the underpayment of petitioner's 1972 and 1973 taxes was due to negligence or intentional disregard of rules and regulations under section 6653(a). FINDINGS OF FACT Some facts were stipulated and are found accordingly. Paul A. Thomas, Jr., resided in Wilmington, Delaware, when he filed his 1972 and 1973 returns with the District Director, Internal Revenue Service, Philadelphia, Pennsylvania, and in Chicago, Illinois, when he filed his petition in this case. In February 1971, petitioner and his wife were legally separated. *194 On August 4, 1971, the Court of Common Pleas of Montgomery County, Pennsylvania, ordered petitioner to pay $ 200 each week for the support of his wife, Loretta, and their two minor children, Robert and Susan. The court allocated $ 25 and $ 175 per week for the wife and children, respectively. On December 14, 1971, the same court reduced the support order for Susan by $ 23.50, which made the support order for the children $ 151.50. The wife's support remained the same. On July 10, 1972, the court ordered the petitioner to pay $ 200 each week, allocating $ 125 for the support of his wife and $ 75 for the support of his son, Robert. During 1972 petitioner made support payments totalling $ 9,902. According to the court order $ 3,800 was for the support of petitioner's wife and $ 5,965.50 was for the support of his two minor children. The court order did not require payment of the remaining $ 136.50. During 1973 petitioner made support payments totalling $ 10,680. According to the court order $ 6,500 was for the support of petitioner's wife and $ 3,900 was for the support of one of his minor children. The court order did not require payment of the remaining $ 280. In 1972 *195 and 1973, petitioner claimed alimony deductions of $ 9,902 and $ 10,680, respectively. Respondent disallowed $ 6,102 and $ 4,180 of the claimed deductions on the ground that they represented nondeductible child support or because they were not required by a court order to be paid. Respondent also determined that part of the underpayment of tax for 1972 and 1973 was due to intentional disregard of rules and regulations under section 6653(a). OPINION We must determine whether petitioner's total support payments made in 1972 and 1973 are deductible as alimony under section 215(a). This depends upon whether the payments were designated by court order to be for the support of his wife which are deductible or for the support of his minor children which are nondeductible. Voluntary payments, any amounts not required by court order to be paid to the wife, are nondeductible. Petitioner contends that because the successive support orders varied widely and illogically between 1971 and 1975, they should be disregarded for determining his section 215(a) alimony deduction in 1972 and 1973. Petitioner also claims that the allocations in the support orders are invalid because the court *196 intended the support to be exclusively for the benefit of his wife since both of their minor children were full-time students attending school away from home and were supported completely by petitioner, notwithstanding the court ordered allocation. Respondent contends that petitioner is not entitled to deduct support payments in excess of $ 3,800 in 1972 and $ 6,500 in 1973 because the balance of the payments made were designated by court decree to be for the support of his minor children, or because they were voluntary payments (not required by a court order to be paid). We agree with respondent. Section 215(a) allows a husband, in computing his taxable income, to deduct amounts paid by him during the year if such amounts are includable in the gross income of the former wife under section 71(a). Section 71(b) specifically excludes from the former wife's gross income any "* * * part of any payment which the terms of the decree * * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Section 71(b) applies if the agreement providing for the payments specifically states the amount or parts *197 thereof allocable to the support of the children. Commissioner v. Lester,366 U.S. 299, 301 (1961). In the instant case, the December 14, 1971 and July 10, 1972, decrees specifically state the amounts allocable to the support of the children. At trial, petitioner presented evidence that the court arbitrarily allocated amounts for child support and wife support, and that the court's allocations did not accurately reflect the financial situation of petitioner's family. Petitioner also presented evidence that the payments allocated as child support were not actually used for the support of the children. In Grummer v. Commissioner,46 T.C. 674, 680 (1966), we stated "* * * extrinsic evidence designed to alter the language of a divorce decree or separation agreement will not be considered in determining whether payments constitute alimony or child support when the agreement of the parties specifically and unequivocally fixes the character of such payments." The decrees involved clearly fix the character and amount of the payments constituting child support. Accordingly, we may not consider petitioner's extrinsic evidence on that matter. Petitioner *198 makes a final legal argument which we reject. He argues that a 1974 court order modification of the earlier decrees alters the above outlined tax consequences. A modifying order entered subsequently to the year at issue does not affect the tax consequences of a prior order. Wilson v. Commissioner,49 T.C. 1, 3 (1967), Turkoglu v. Commissioner,36 T.C. 552, 555 (1961). The only exception to this rule, not applicable here, is when the original decree does not correctly reflect the court intention at the time it was entered, and a subsequent nunc pro tunc order makes the decree conform to what was the original intention of the court. Johnson v. Commissioner,45 T.C. 530, 533 (1966). Respondent also determined that part of the underpayments of tax in 1972 and 1973 was due to negligence or intentional disregard of rules and regulations, and asserted an addition to the tax under section 6653(a). The burden of proving that the imposition of this addition is erroneous rests upon petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure; Vaira v. Commissioner,52 T.C. 986, 1004 (1969); Courtney v. Commissioner,28 T.C. 658, 669 (1957). *199 Petitioner did not address this issue and, consequently, did not meet his burden. There is no evidence in the record that the underpayment was not due to negligence or intentional disregard of rules and regulations. Accordingly, we find for respondent on this issue. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩