ROY K. HEINTZ and LESETTA F. B. HEINTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heintz v. Commissioner
Docket No. 7729-79.
United States Tax Court
T.C. Memo 1980-524; 1980 Tax Ct. Memo LEXIS 62; 41 T.C.M. (CCH) 429; T.C.M. (RIA) 80524; November 25, 1980, Filed Roy K. Heintz, pro se. Michele D. Palmer, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $148 deficiency in petitioners' 1975 income tax. Petitioners, husband and wife, resided in Santa Ana, California, when they filed their petition herein, as well as during the taxable year 1975. At issue is whether petitioners are accountable for interest accruing on three bank accounts and two certificates of deposit. They had opened these bank accounts and purchased the certificates of deposit for the benefit of their three children, Sally, Charles, and Helen, as more fully hereinafter set forth. The parties have filed a stipulation of facts which was supplemented by an oral stipulation at the trial. The facts thus stipulated, *63 together with accompanying exhibits, are incorporated herein by this reference. The dates of birth of the three children are as follows: Salley
September 25, 1951
Charles
March 6, 1959
Helen
February 28, 1962
On October 1, 1975, petitioners opened an account for the benefit of Sally at Fidelity Savings and Loan Association in Santa Ana, and deposited $2,000 therein. The account was designated on the signature card as a joint trustee savings account, and petitioners signed the signature card as joint trustee-settlors as trustees for Sally. There was no provision in any of the documents involving the establishment of this trust account which recited that the trust was irrevocable. On May 6, 1975, petitioners opened an account for the benefit of Charles at State Mutual Savings and Loan Association and deposited $1,110 therein. Petitioners were designated as "joint trustees" for Charles, and the account was expressly stated to be a "joint revocable trust". On May 6, 1975, petitioners opened an account for the benefit of Helen at State Mutual Savings and Loan Association, and deposited $1,110 therein. Petitioners were designated as "joint trustees" for *64 Helen, and the account was expressly stated to be a "joint revocable trust". On July 20, 1973, petitioners purchased two time certificates of deposit of $2,000 each from United States National Bank of Orange, California, having maturity dates of July 20, 1977. On each certificate, petitioners were designated as joint tenants with rights of survivorship, as trustees for Charles on one certificate and for Helen on the other. There were no provisions in respect of either of these certificates of deposit stating that the trusts were irrevocable. None of the bank accounts or certificates of deposit involved herein contained the provisions set forth in section 1156 of the Civil Code of California with respect to gifts of money to minors. [1]
*65 The amounts of interest accrued or paid during 1975 in respect of the foregoing three bank accounts and two certificates of deposit were as follows: Sally bank account
$ 39.12
Charles bank account
59.10
Helen bank account
59.10
Charles certificate of dep.
151.19
Helen certificate of dep.
151.19
$459.70
No part of any of the foregoing amounts of interest was paid to or expended for the benefit of the respective child during 1975, although they were accumulated and may have been expended for or paid to the children in some future year or years. The Commissioner determined that all of the trusts involved were revocable and that the income realized by the trustees in 1975 was accordingly chargeable to the petitioners-trustors. See sections 671, 676, I.R.C. 1954. We hold that his determination must be approved. Although the petitioners pressed their case with unabated vigor and apparent sincerity, we could find no tenable development of any concept to show error in the Government's position. Two of the trusts were explicitly stated to be revocable, and the remaining three must be deemed to be revocable, because under California law, a trust which *66 does not contain provisions specifically declaring it to be irrevocable must be treated as revocable. This result is required by section 2280 of the California Civil Code (West 1954), which provides: Sec. 2280. Revocation Unless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor by writing filed with the trustee. This conclusion remains applicable in respect of the four trusts for Helen and Charles, who were minors in 1975. Although the California Uniform Gifts to Minors Act provides that gifts made in accordance with its provisions will be deemed irrevocable, see Cal. Civil Code section 1157 (West Supp. 1980), this Act is not applicable in the circumstances of this case because none of these trusts contained the provisions called for by section 1156 of the Civil Code of California, as set forth in note 1, supra. Accordingly, despite petitioners' representation that they intended to make completed gifts to their children, all of the trusts herein were revocable by them under California law in 1975. The inevitable consequence is that petitioners are accountable for the income *67 realized by the trusts during that year. Sections 671 and 676, I.R.C. 1954, explicitly call for this result. See Gaylord v. Commissioner,153 F. 2d 408, 414 (9th Cir. 1946); Krag v. Commissioner,8 T.C. 1091, 1096-1098 (1947). Decision will be entered for the respondent. Footnotes
1. Section 1156 of the Cal. Civil Code (West Supp. 1980) provides as follows: Sec. 1156. Manner of making gift (a) An adult person may, during his lifetime, make a gift of a security, money, a life or endowment insurance policy, or an annuity contract to a person who is a minor on the date of the gift: (3) If the subject of the gift is money, by paying or delivering it to a broker or a * * * financial institution for credit to an account * * * in the name of the donor, another adult person or a bank with trust powers, followed, in substance, by the words: "as custodian for under the California Uniform Gifts to Minors Act." A minor is defined in sec. 1155(m) of the Civil Code of California as "a person who has not attained the age of 18 years."↩