BASIL ROBILLARD, EXECUTOR, ESTATE OF MARTHA H. BEEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44008, 45835.   Promulgated September 8, 1930.

*Basil Robillard, Esq.*, for the petitioner.
*Ralph S. Scott, Esq.*, for the respondent.

OPINION.

BLACK: The sole issue involved in this proceeding is whether or not petitioner, a resident and citizen of the United States, is entitled to credit, against United States income taxes, taxes paid to the

British Government by a Canadian corporation of which petitioner was a stockholder. Petitioner claims such right under section 222 (a) (4) of the Revenue Acts of 1924 and 1926, which reads:

In the case of any such individual who is a member of a partnership or a beneficiary of an estate or trust, his proportionate share of such taxes of the partnership or the estate or trust paid or accrued during the taxable year to a foreign country or to any possession of the United States, as the case may be.

Petitioner claims that because the decedent, whom he represents, was a stockholder in the Spirella Securities, Ltd., of Canada, and because that corporation was a holding company rather than an operating company, decedent stockholder was the beneficiary of a trust within the meaning of the above quoted section, and is therefore entitled to the credit. We do not agree to that contention. We concede of course that a corporation can be a trust and obtain its corporate powers for the purpose of carrying out the trust agreement. To that effect is *Chicago M. & S. P. R. Co.* v. *Des Moines U. R. Co.*, 254 U. S. 196, relied upon by petitioner in his brief. But we do not see where that case has any bearing on the present proceeding. There is nothing in the record which is now before us, so far as we have been able to discern, which discloses that the Spirella Securities, Ltd., of Canada, was organized to take over and administer a trust agreement, nor is there anything in the record which discloses that petitioner, as a stockholder of such corporation, was a " beneficiary of a trust " as that term is commonly understood in legal parlance. On the contrary, it appears to us that petitioner's decedent was a stockholder in an ordinary holding corporation and occupies no different status from stockholders of such corporations generally. Suppose the Spirella Securities, Ltd., had been a New York corporation, instead of a Canadian corporation, and petitioner had been a stockholder thereof—would it be contended that she would have a right to take as a credit against the surtax on dividends received from such New York corporation, the foreign tax which the corporation itself had paid on dividends received from the Spirella Co. of Great Britain? We think not. Under that state of facts, the Spirella Securities, Ltd., of New York would take credit against its own corporation income tax under article 612, Regulations 65 and 69, Revenue Acts of 1924 and 1926, respectively. This article reads:

*Domestic corporation owning a majority of the stock of foreign corporation.*—A domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 234) in any taxable year, shall be entitled to credit against the amount of its income tax, the same proportion of the sum of any income, war-profits, or excess-profits taxes paid or accrued by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such corporation from which such dividends were paid, which the

amount of any such dividends received bears to the amount of such accumulated profits. But in no case shall such credit exceed the same proportion of the taxes against which it is credited, which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. * * *

It is the Spirella Securities, Ltd., of Canada, and not its stockholders which owns the stock in the Spirella Co. of Great Britain, and the dividends received on that stock belong in the first instance to it. If it were a domestic corporation, it would be entitled to take credit against its own corporation income taxes, the amount of foreign taxes paid to the British Government on the dividends on its stock in the Spirella Co. of Great Britain. But not being a domestic corporation, it has no tax liability in the United States against which it can take such credit. We know of no authority of law which would permit its stockholders to take credit against their own tax liability for such taxes paid on the theory that they are beneficiaries of a trust within the meaning of section 222 (a) (4), quoted at the beginning of this opinion. Respondent's holding on that point is approved.

Petitioner proved that the Commissioner allowed the credit against petitioner's income tax for the year 1921 under the same facts and circumstances as exist in this proceeding, and that taxpayer has relied in the taxable years now before us upon Commissioner's prior construction. Petitioner, therefore, contends that the Commissioner should be bound by his former ruling and should not now be allowed to change it. We can not sustain this contention of petitioner. An erroneous interpretation of a statute by the Commissioner does not conclude the United States on a subsequent modification of the ruling or create equities in favor of the petitioner requiring the judicial adoption of the first interpretation. *American La France Fire Engine Co.* v. *Riordan*, 294 Fed. 567; *Langstaff* v. *Lucas*, 9 Fed. (2d) 691; certiorari denied, 273 U. S. 721.

On final determination under Rule 50, petitioner should be allowed credit against the tax of income taxes paid to the British Government by the Spirella Co. of Great Britain on dividends disbursed direct to petitioner's decedent, as a stockholder in the Spirella Co. of Great Britain, and as a life tenant of the stock owned by the estate of her deceased husband, Marcus M. Beeman.

Petitioner should be taxed only on the amounts actually received from Spirella Securities, Ltd., of Canada, without any credit against the tax for foreign taxes paid by the Spirella Co. of Great Britain on dividends disbursed to Spirella Securities Co., Ltd., on stock owned by it. In other words, the dividends received by petitioner's decedent from Spirella Securities, Ltd., should be taxed as income

to petitioner without reference to any foreign tax which had been paid by Spirella Co. of Great Britain for account of Spirella Securities, Ltd., of Canada.

*Judgment will be entered under Rule 50.*