PETER VAN VLAANDEREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14130.   Promulgated April 28, 1948.

*Martin Roth, Esq.*, for the petitioner.
*Hobby H. McCall, Esq.*, for the respondent.

#### OPINION.

OPPER, *Judge*: Respondent determined a deficiency in petitioner's income and victory tax liability for 1943 of $2,655.57, and by amended answer has sought an increase of $439.86.

The sole litigated issue results from respondent's disallowance for 1943 of a portion of a deduction for alimony payments, claimed by petitioner to be in the sum of $5,200 and to be required by a *nunc pro tunc* order, increasing the amount of alimony entered long after the instant tax years.

All of the facts have been stipulated and for purposes of this proceeding may be summarized as follows:

In 1897 petitioner and his wife, Elizabeth, were married. In 1919 she sued him for divorce in the Court of Chancery of New Jersey, and a decree *nisi* in her favor was entered on December 22, 1919. It provided, *inter alia*, that petitioner pay the sum of $60 weekly, $40 of which was for his wife's support and maintenance and $20 for the support and maintenance of a minor child, born of the marriage. The weekly payments were to continue "until the further order of the court." The final decree was entered on June 24, 1920.

On February 6, 1920, at petitioner's request, in which his wife joined, that part of the decree *nisi* pertaining to alimony payments was modified to provide that petitioner pay his wife $15,000; that on December 22 of each year from the date of the decree, he pay her $1,500 for the term of 10 years, and in addition that he pay her $30 a week for her support and maintenance until further order.

Petitioner did not comply with the modified order, but continued to pay his wife $40 weekly until 1942.

In November 1941 his wife became ill, as a result of which she was hospitalized in a sanitarium in Connecticut. In response to her requests, petitioner thereafter, commencing in January 1942, paid $100 weekly to her sons, who in turn disbursed the sum received to the sanitarium for her care and treatment.

During each of the years 1942 and 1943 petitioner paid out the sum of $5,200 on behalf of his wife, who reported on her tax returns as income for each of the years the sum of $5,200. He claimed a deduction in that amount in each of the years.

On May 31, 1946, at petitioner's request, the chancery court by its order amended the decree of February 6, 1920, *nunc pro tunc*, to provide that petitioner "shall pay the sum of One Hundred Dollars per week for the support and maintenance of  *  *  *  Elizabeth Van Vlaanderen, from June 30th, Nineteen Hundred and Forty-two until the further order of this court." That order remains in full force and effect.

Respondent determined in the notice of deficiency "that the amount  *  *  *  paid to your divorced wife, during the taxable year 1943, in excess of the amount specified in the  *  *  *  decree is not deductible from the gross income for that year."

The increase in the deficiency represents the difference between the $40 a week payments allowed in the deficiency notice and the $30 payments fixed by the 1920 decree which respondent now contends is applicable.

The payments in controversy were made by petitioner many years subsequent to the entry in New Jersey chancery court of a divorce decree, and prior to the order of the same court directing retroactively that increased payments should be made. The issue, of course, is whether the excess of these payments over the amount called for by the earlier decree is deductible by petitioner under Internal Revenue Code, sections 22 (k), taxing the wife, and 23 (u), granting the husband a corresponding deduction.

In *Robert L. Daine*, 9 T. C. 47, we held that a subsequent decree, even though retroactive, could not be given the effect of the judicial sanction required by section 22 (k). Petitioner correctly insists that there is a distinction in the facts between that case and this. There, at the time of the disputed payments there was no decree of divorce in existence, while here it is an undisputed fact that the parties had been judicially divorced for many years. We are, nevertheless, driven to the view that the principle of that case controls here.

The one provision of section 22 (k) with which petitioner can not comply under the circumstances shown to exist during the tax years before us is that the "payments" must be *"imposed upon or incurred by* [1] such husband under such decree or under a written instrument incident" thereto. When petitioner made the payments in question, they were voluntary in the sense that there was no decree or agreement requiring them. The obligation was not imposed at the time; nor in fact did the subsequent order alter that situation, since the payments,

---

[1] Emphasis added.

having already been made, were no more than ratified by the retroactive order. That this is at least a portion of the principle for which the *Daine* case stands appears, we think, from the following quotations from that opinion (pp. 51, 52) :

> * * * The payments includible in her gross income are "periodic payments * *. * *received* [by the wife] * * *" * * * and paid by the husband "in discharge of * * * a legal obligation which * * * *is imposed upon* or incurred by *such husband under such decree* or under a written instrument incident to such divorce or separation" * * *.
>
> * * * In 1942 and 1943 the petitioner was not legally obligated under any decree or written instrument incident to such decree * * *.
>
> It is our conclusion that a decree of a state court, in so far as it attempts to determine retroactively the status of a husband or wife under section 23 (u) and section 22 (k), is ineffective and not binding upon this Court * * * It is well established that taxable net income must be determined on the basis of facts as they actually existed during the taxable years * * *.

These statements seem to us equally determinative here and to demonstrate the inapplicability to this record of the deduction claimed.

The fact that petitioner's wife reported the additional payments in her tax returns for years when there was no court order requiring the payments must be viewed as purely voluntary. If in another case the wife failed under similar circumstances to charge herself with the income and a retroactive order were procured so much later that the statute of limitations had run against any tax claim against the wife, it is easy to see that the entire purpose of the interrelation between sections 22 (k) and 23 (u) would be entirely frustrated. Unless the wife is compelled to report the income, which, as we have seen, was not the case here, her voluntary act in charging herself with it can not affect the result. We regard respondent's position as correct.

*Decision will be entered under Rule 50.*