## VAN VLAANDEREN v. COMMISSIONER OF INTERNAL REVENUE.

No. 9828.

United States Court of Appeals
Third Circuit.

Argued Feb. 7, 1949.

Decided May 27, 1949.

Samuel S. Starr, Newark, N. J., for appellant.

S. Dee Hanson, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Special Assistant to the Attorney General, on the brief), for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

O'CONNELL, Circuit Judge.

The question presented by petitioner ("Peter") on this appeal is whether the Tax Court erred in upholding the determination of the Commissioner that (a) certain payments were not fully-allowable deductions under Sections 22(k) and 23 (u) of the Internal Revenue Code, 26 U.S. C.A. §§ 22(k) and 23(u), and (b) a decree of a New Jersey court of chancery is not binding taxwise in so far as it modifies retroactively a husband's alimony liability. We hold that the Tax Court acted correctly.

Elizabeth Van Vlaanderen, wife of Peter, was granted a decree nisi upon her petition

for divorce from him in December, 1919. By the terms of the decree, Peter, besides giving a $10,000 bond, was to pay Elizabeth $60 per week, $20 of it being for the support of their infant child.

About six weeks later, with Elizabeth's consent, Peter obtained a modification of the decree. This February, 1920, decree, representing that Peter preferred to make a bulk settlement and wished to avoid filing a bond, ordered Peter to pay Elizabeth $15,000 cash at once, plus making ten yearly payments of $1,500 each and giving her $30 weekly for her support and maintenance "until further order of" the New Jersey court of chancery. The stipulation of facts before the Tax Court, however, recites that "The taxpayer [Peter] never carried out any part of the order of February 6, 1920, but continued to pay the wife $40 a week until 1942."

In November of 1941, Elizabeth became hospitalized in an institution. On advice of counsel, Peter began paying to her $100 per week in January, 1942. She reported as income $5,200 in her income tax returns for both 1942 and 1943, while Peter claimed a like deduction in each of those two years.

In May, 1946, Peter requested and obtained from the New Jersey court of chancery a nunc pro tunc modification, by which the 1920 court order was amended to the extent of providing that, effective June 30, 1942, Peter was to pay Elizabeth $100 weekly instead of $30.[1]

On this set of facts, stipulated between the parties, the Tax Court held that the Commissioner was correct in disallowing a deduction by Peter in excess of $30 weekly for the calendar year 1943. 10 T. C. 706 (1948). The Tax Court deemed its decision in Robert L. Daine, 9 T. C. 47 (1947), to be dispositive of the instant case.

■ The Daine decision has since been affirmed by the United States Court of Appeals for the Second Circuit, which said that "the retroactive judgments of state courts do not determine the rights of the Federal Government under its tax laws

[citing cases]." Daine v. Commissioner, 2 Cir., 1948, 168 F.2d 449, 451. We espoused the same principle in Eisenberg v. Commissioner, 3 Cir., 1947, 161 F.2d 506, 511, certiorari denied 1947, 332 U.S. 767, 68 S.Ct. 76, 92 L.Ed. 352. Peter seeks to distinguish this line of cases on the theory that in the case at bar there was a valid alimony decree in effect at the time when he began paying $100 weekly. We do not regard this distinction as material. The decree under which he acted in 1942 and 1943 ordered him to pay $30, not $100, weekly. Laudable as his motives and actions may have been, he was nontheless a volunteer to the extent of $70 weekly, as no court had imposed upon him the obligation to pay that additional weekly amount. We can see no reason why the rationale of the Daine and Eisenberg decisions is not equally applicable here.

■ Although Peter did not raise the question, we have considered the possibility of his being entitled to a deduction of some or all of the $70 weekly excess, on the theory that it might be partial payment of the lump sums which he was ordered to pay by the 1920 decree and on which the stipulation of facts indicates he defaulted. Our study satisfies us that the facts before us bar deduction of the payments on that basis. Apart from the question whether Peter could claim a deduction for payment of a sum which, if paid when due during the 1920's, would not then have been deductible, see Gould v. Gould, 1917, 245 U.S. 151, 154, 38 S.Ct. 53, 62 L.Ed. 211; and apart from the doubts whether the extra $70 could be construed as partial discharge of arrearages when it is noted that the 1946 amended decree changed only the $30 weekly payment provision and specifically left the 1920 decree (including the lump-sum payment provisions) intact, particularly since Peter has stipulated that he never carried out any part of the 1920 decree; we believe that Section 22(k) of the Internal Revenue Code and Regulations 111, Section 29.22(k)-1 (c), promulgated pursuant thereto require the conclusion that the $15,000 and $1,500 pay-

---

[1] The final sentence of the 1946 decree reads, "The said Order [of February 6, 1920] shall remain in all other respects unchanged."

ments were "installment" payments not in conformance with the definition of "periodic payments" and therefore neither includible as income by Elizabeth[2] nor deductible by Peter. It is also not inappropriate to note that, under the law of New Jersey, a wife has no vested right to recover unpaid arrearages of alimony, as the court of chancery has the power to extinguish them entirely; and New Jersey courts are reluctant to enforce collections of arrearages beyond one year. See Herman v. Herman, 1939, 5 A.2d 768, 770, 17 N.J.Misc. 127; Duffy v. Duffy, 1941, 19 A.2d 236, 239–241, 19 N.J.Misc. 332; and Madden v. Madden, 1945, 136 N.J.Eq. 132, 40 A.2d 611, 614.

For the reasons stated, the decision of the Tax Court must be affirmed.

---

[2] That Elizabeth erroneously reported the full $5200 as income, in 1942 and again in 1943, rather than $1560 annually, cannot affect the tax liability of Peter.

Cf. Mather & Co. v. Commissioner, 3 Cir. 1949, 171 F.2d 864, 870, certiorari denied 1949, 337 U.S. 907, 69 S.Ct. 1049.