*Decision will be entered under Rule 50.*

MICHEL M. SEGAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73610.   Filed April 24, 1961.

*James R. Zuckerman, Esq.*, for the petitioner.
*William F. Fallon, Esq.*, for the respondent.

BRUCE, *Judge:* This proceeding involves deficiencies in Federal income tax for the years 1954 and 1955 in the amounts of $944.36 and $1,046.01, respectively. The sole issue is whether the amounts of $2,600 paid by petitioner to his former wife during each of the years 1954 and 1955 under a divorce decree which provided for payments "for the support and maintenance of [his] minor children," which decree was subsequently amended by a decree entered *nunc pro tunc* in 1958, are deductible under sections 215 and 71, I.R.C. 1954.

FINDINGS OF FACT.

The stipulated facts are so found and are incorporated herein by this reference.

Michel M. Segal, hereinafter referred to as the petitioner, a resident of Brooklyn, New York, filed his Federal income tax returns for the years 1954 and 1955 with the district director of internal revenue for the district of Lower Manhattan, New York.

Petitioner and his former wife, Ethel M. Segal, hereinafter referred to as Ethel were married on May 29, 1931. Two children were born of that marriage: Joel S. Segal, born September 2, 1933; and David S. Segal, born August 21, 1939.

During 1947 petitioner and Ethel ceased to reside together as man and wife. Thereafter petitioner and Ethel each retained their own attorneys. Both attorneys then joined in the preparation of a separation agreement which was subsequently executed by the parties on October 23, 1947. The fourth paragraph of this agreement provides:

FOURTH: The wife shall have the custody of her said children and of their education until the said children attain the age of twenty-one years, without any interference whatever on the part of the husband, and so long as the wife shall have such custody, the husband will pay to the wife, fifty ($50.00) Dollars each week in advance, on or before the Monday of each week after the execution of this agreement. The payments provided for in this paragraph shall be paid to the wife until the said children attain the age of twenty-one years or until the death or marriage of said children, whether or not the wife remarries. The wife agrees that she will, as long as she received these said payments, properly maintain care for and educate the children in accordance with her own uncontrolled discretion. During the school vacation period, the wife will not remove the said children from the State of New York without the consent of the husband. During the school year, the wife will not remove the children from the City of New York without the consent of the husband, except on Holidays. Neither of the parties shall attempt to influence the said children unfavorably to the other party. Should the wife predecease the husband, the husband shall have the custody and control of the said children and of their education. When each of the said children attain the age of twenty-one (21) years, the husband shall have the right to reduce the weekly payment to the wife as aforesaid, at the rate of twenty ($20.00) Dollars for each child attaining the age of twenty-one (21) years.

In the preparation of this separation agreement petitioner and Ethel relied completely upon their respective attorneys.

Ethel went to Hot Springs, Arkansas, apparently during 1948, and on January 5, 1949, a divorce decree (hereinafter referred to as the original decree) was entered in the Chancery Court, Garland County, Arkansas, in the case of Ethel M. Segal v. Michel M. Segal, No. 24,220. This decree provided, *inter alia*, as follows:

It is further ordered, adjudged and decreed that the plaintiff herein shall have and retain custody of the hereinbefore named minor children, subject to the reasonable rights of visitation of the defendant, and the defendant herein shall

pay unto the plaintiff the sum of $50.00 per week for the support and maintenance of the said minor children; and it is further ordered, adjudged and decreed that the property settlement agreement as filed herein be, and the same is hereby, made a part of this decree and incorporated herein as if set out word for word.

Ethel did not appear in open court in the course of the divorce proceedings. Her deposition was taken in her attorney's office in Hot Springs, Arkansas. She did not read the divorce decree. Petitioner did not contest the divorce and he was not present in Arkansas at any time during the course of the divorce proceedings; but petitioner did sign documents which were sent to his attorney in New York by the corresponding attorney representing him in Arkansas.

Following the separation and divorce, the children resided with Ethel when they were not living away at college. Petitioner paid to Ethel $50 each and every week following their separation. Ethel used this money for her own living expenses, to pay the rent for the apartment in which she lived with her sons, and to feed the boys and herself. During the years 1949 through 1955 Ethel had no other sources of income. The apartment in which Ethel and her sons resided was located in a building owned by her parents, and she paid a rent of $45 per month, which was about one-half of the rental usually charged for a comparable apartment. During the period 1952 through 1956 petitioner paid Ethel an additional $10 per week, which was to be used by her for the purchase of additional food for David, who was not then living away at college.

The older child (Joel) was a student at Cornell from the fall of 1950 until his graduation in 1954. Petitioner paid Joel's tuition during this period and in addition sent him $30 per week to be used for his allowance, room and board, and miscellaneous school expenses. David attended Ohio State University for 1 year, during which time petitioner also paid for his tuition, room and board, and other school expenses. When the boys were home from school they resided with their mother.

Subsequent to the separation and divorce, petitioner paid for all of the clothing worn by the boys. He also paid for all of their medical expenses, either by direct payments or by reimbursing Ethel. In addition, he paid to each of the boys an allowance of approximately $5 per week.

For the years subsequent to the divorce Ethel reported the $50 weekly payments received by her from petitioner in her gross income as alimony. During both of the years in question petitioner claimed dependency exemptions for both of his sons.

During the course of the audit of petitioner's tax returns for the years 1954 and 1955 he was informed by the internal revenue agent that, according to the terms of the divorce decree, the weekly pay-

ments were for the support and maintenance of the children and hence not properly deductible as alimony.

Thereafter, a joint petition to amend the divorce decree and the property settlement agreement *nunc pro tunc* was executed by the parties and filed January 29, 1958, with the Chancery Court of Garland County, Arkansas. This petition provided, *inter alia*, as follows:

1.

That on the 23rd day of October, 1947, Plaintiff and Defendant entered into a property settlement agreement, wherein the Defendant agreed to pay to the Plaintiff the sum of Fifty Dollars ($50.00) per week, for the support, education, and clothing of two (2) children; that said property settlement agreement was made a part of the decree of divorce granted to the Plaintiff on January 4, 1949.

2.

Petitioners further state that these payments have been made promptly when due, and that it is the desire of the Defendant to continue to make such payments, but that the children have become of age, and are self-sustaining and that under the decree and property settlement Defendant herein desires to continue said payments to the wife; that it was never the intention of either of the parties hereto that these payments should be child support; that there was a mutual mistake of fact in designating the payments as child support.

3.

By reason of the mutual mistake of fact, petitioners ask that this court amend the decree entered on January 4, 1949, nunc pro tunc, to provide that the Fifty Dollars ($50.00) per week be designated as alimony, and not child support; and provide that the payments continue until further order of this court as alimony.

WHEREFORE, petitioners pray that the decree of divorce entered into on January 4, 1949; and property settlement entered into on October 23, 1947; be amended nunc pro tunc to provide that the payments made and to be made under this decree and property settlement be payments of alimony rather than child support, and for any and all other proper relief to which they may be entitled.

On January 29, 1958, the Chancery Court of Garland County entered an amended decree which provided in pertinent part as follows:

That on the 23rd day of October, 1947, plaintiff and defendant entered into a property settlement wherein the defendant agreed to pay the plaintiff Fifty Dollars ($50.00) per week for the support, education, and clothing of two (2) children; that said property settlement was made a part of the decree of divorce granted to the Plaintiff on January 4, 1949.

That this Court has jurisdiction of this matter by reason of payments made in the past and to be made in the future under the said decree of divorce; that all of the payments due in the past have been made promptly and that there is nothing due under said payments; that there was a mutual mistake of fact between the parties hereto as to how said payments should be allocated, and that it was the intention of both parties hereto in that payments should be designated as alimony and not as child support.

The Court further finds that by reason of said mistake of fact, the decree of divorce entered on January 4, 1949, and the property settlement previously entered into, should be amended nunc pro tunc to speak the true intention of the parties hereto.

It is therefore, by the Court considered, ordered and decreed that every place the decree of divorce entered on the 4th day of January, 1949, and the property settlement entered into on the 23rd day of October, 1947, mentions child support, the word alimony shall be substituted nunc pro tunc; and all payments heretofore made under said decree and property settlement are for payment of alimony, and not child support; that all future payments under said decree and property settlement are for the payment of alimony and not child support, and the defendant herein is hereby ordered to continue the payment of Fifty Dollars ($50.00) per week alimony to the plaintiff until further order of this court.

OPINION.

The issue presented for our determination is whether certain payments made by petitioner to his former wife during the years 1954 and 1955 pursuant to a 1949 divorce decree incorporating a prior separation agreement, as amended by a subsequent 1958 nunc pro tunc order, were periodic payments of alimony or were payments fixed by that decree as a sum payable for the support of the husband's minor children.

Section 215, I.R.C. 1954, allows the deduction of payments made to the former wife which are includible in her gross income under section 71. The latter section excludes from the wife's gross income "that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." (Sec. 71(b)).

Petitioner's position is that the payments were made by him and received by Ethel under the impression that the terms of the property settlement agreement and the divorce decree provided that such payments constituted alimony for her unrestricted use and that after they discovered that the actual terms of the agreement and decree were otherwise they jointly petitioned the divorce court for an amended decree, nunc pro tunc, to correct this error. Citing as authority Margaret Rice Sklar, 21 T.C. 349, and Velma B. Vargason, 22 T.C. 100, petitioner contends that the amended decree was entered to correct a mistake that had been made in the original decree and not to change the status of petitioner and Ethel as it theretofore existed, and that therefore the payments were includible in Ethel's gross income and deductible by petitioner under section 215. We do not agree with petitioner's position.

Both of the foregoing cases relied on by petitioner are distinguishable. In both of them the nunc pro tunc amendments were entered by the courts involved, not to alter the legal status of the parties concerned, but to correct errors the courts themselves had made in formulating the original decrees and to conform the original decrees respectively to what was the intention of the court at the time the original decree was entered.

The instant facts present a different situation. There is no showing here that the original decree did not correctly reflect the court's intention at the time it was entered. While the decree itself is phrased in more specific language than the separation agreement, there was ample justification for the use of the phrase "the defendant herein shall pay unto the plaintiff the sum of $50.00 per week *for the support and maintenance of the said minor children.*" (Emphasis supplied.) Both the decree and the agreement provided that the wife should have custody of the children until they attained the age of 21 years. The agreement provided that the husband should pay to the wife $50 per week "so long as the wife shall have such custody," until the children "attain the age of twenty-one years or until the death or marriage of said children," and the payments were required to be made "whether or not the wife remarries." Moreover, the husband was given the right to reduce the weekly payments "at the rate of twenty ($20.00) Dollars for each child attaining the age of twenty-one (21) years." These provisions are more indicative of child support than of alimony. It is also reasonable to assume that the attorneys representing the husband and wife in the divorce proceedings had the same understanding as the court with respect to the separation agreement, since, as petitioner suggests on brief, decrees and orders of a divorce court are rarely framed by the court himself, but by counsel.

There is nothing in the record to indicate that the chancellor considered he had misconstrued the intention of the parties as evidenced in the separation agreement, or that he intended to grant alimony rather than child support by the original decree. The amended decree refers to the mistake as "a mutual mistake of fact between the parties" and states that "it was the intention of both parties" that the payments should be designated as alimony and not as child support. Moreover, the opening paragraph of the "joint petition" to amend the decree and the amended decree tend to support respondent's argument that both petitioner and his former wife fully understood that the separation agreement provided for child support rather than alimony and casts some doubt as to whether there was a mutual mistake of fact at the time the separation agreement was executed by them or when the original decree was entered. It seems clear to us that the purpose of the amended decree was not to correct a mistake that had been made in the original decree, but to change the status of the parties.

In *Robert L. Daine*, 9 T.C. 47, affd. 168 F. 2d 449, we stated: "It is our conclusion that a decree of a state court, in so far as it attempts to determine retroactively the status of a husband or wife under section 23 (u) and section 22 (k) [now sections 215 and 71, respectively, of the Internal Revenue Code of 1954], is ineffective and not binding upon this Court. It is the function of this Court to determine such

**154**

questions." In affirming this Court, the Court of Appeals for the Second Circuit stated, at page 451, that although a *nunc pro tunc* order by a State court "may bind the parties in the settlement of their legal rights between themselves, yet the determination of tax consequences is not to be so resolved. * * * Hence, it is clear that the retroactive judgments of state courts do not determine the rights of the Federal government under its tax laws." See also *Peter Van Vlaanderen*, 10 T.C. 706, affd. 175 F. 2d 389. The principles of those cases are controlling here.

Accordingly, we hold that the payments of $50 per week by petitioner to his former wife during the years 1954 and 1955 were for the support of his minor children and are, therefore, not includible in Ethel's gross income nor deductible by petitioner as periodic payments of alimony.

In reaching our conclusion we have not been unmindful of the fact that the wife had no other income during the period 1949 to 1955, and also that she reported the payments received on her income tax returns as alimony. Though factors to be considered, we do not regard such facts as controlling.

We have also noted petitioner's contention that the respondent is estopped from disallowing the claimed alimony deductions in the years involved because deductions for similar payments were allowed in prior years. Respondent is clearly not precluded from disallowing the deductions for 1954 and 1955. *Basil Robillard, Executor*, 20 B.T.A. 685, affirmed per curiam 50 F. 2d 1083, certiorari denied 284 U.S. 650.

*Decision will be entered for the respondent.*