GLORIA P. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1386–64.    Filed March 10, 1966.

*John B. Callahan,* for the petitioner.
*Helen A. Viney* and *James F. Hanley,* for the respondent.

OPINION

MULRONEY, *Judge:* Respondent determined a deficiency in petitioner's income tax in the amount of $254 for 1960. The only issue is whether the amount of $3,900 received by petitioner in 1960 from her former husband pursuant to 1956 divorce decree represents alimony taxable to petitioner under section 71(a) of the Internal Revenue Code of 1954,[1] or whether, under a 1964 court order retroactively correcting the original decree, the amount paid in 1960 represents payments for support of minor children and nontaxable to petitioner under section 71(b).

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

All of the facts have been stipulated and they are so found.

Gloria P. Johnson is a resident of Oak Park, Ill. She filed an individual tax return for 1960 with the district director of internal revenue at Chicago, Ill.

On November 8, 1956, petitioner and her husband Floyd B. Johnson were divorced by decree of Judge Leslie E. Salter of the Superior Court, Cook County, Ill. The divorce decree provided in part as follows:

It is further ordered, adjudged and decreed that the care and custody of Jonathan, Kristi Susan and Gregory Johnson, the minor children of the parties hereto, be and the same is hereby granted to Gloria P. Johnson, plaintiff herein. It is further ordered, adjudged and decreed that the defendant, Floyd B. Johnson pay to the plaintiff, Gloria P. Johnson, the sum of $75.00 per week as and for alimony and for the support and maintenance of the said minor children, and the further sum of $200.00 as and for her attorney's fees and costs incurred in this matter.

Petitioner received the amount of $3,900 during 1960 from her former husband pursuant to the 1956 divorce decree. Petitioner did not include this amount in her reported taxable income for 1960. Petitioner's only income shown on her 1960 return was the amount of $150 received from her employer, the Debra Construction Co.

Respondent, in a statutory notice of deficiency dated January 7, 1964, determined that the amount of $3,900 was includable in petitioner's income for 1960 as alimony and separate maintenance payments.

On September 23, 1964, a "Petition to Correct Decree of Divorce" was filed by petitioner in the Circuit Court of Cook County, Ill., and on the same day the Circuit Court entered an order which stated in part as follows:

ORDER

This cause coming to be heard on the petition of Gloria P. Johnson, and the Court having been fully advised in the premises finds:

1. It has jurisdiction of the parties and subject matter.

2. At the time of trial of petitioner's complaint she stated in open court that she waived any and all alimony to which she might be entitled whether present or future.

3. By reason of clerical error such finding was omitted from the decree entered in the above cause.

4. The particular sentence involved, to-wit: "It is further ordered, adjudged and decreed that the defendant, Floyd B. Johnson, pay to the plaintiff, Gloria P. Johnson, the sum of $75.00 per week as and for alimony and for the support and maintenance of the said minor children, * * *" is, and was at the time of entry of said decree, erroneous, null and void. Therefore,

It is ordered that said sentence of said decree be stricken and held for naught as of November 5, 1956, the date of entry of said decree.

It is further ordered that said sentence of said decree be and hereby is corrected as of November 5, 1956, the date of entry of said decree, corrected to read as follows:

"It is further ordered, adjudged and decreed that the defendant, Floyd B. Johnson, pay to the plaintiff, Gloria P. Johnson, the sum of $75.00 each and every week as and for the support and maintenance of said minor children."

Petitioner did not file a brief. However, she alleges in the petition that at the time the divorce decree was entered in 1956 she waived all her rights to alimony and property settlement in exchange for an uncontested decree of divorce and that it was never the intention of the parties that any sums paid by the former husband to the petitioner should be considered as alimony. It would appear that petitioner's position is that the actual divorce decree which stated that the weekly payment of $75 was "for alimony and for the support and maintenance of the said minor children" was a mistake; that the Circuit Court's order of September 23, 1964, corrected the mistake retroactively; and that the effect of the order was *nunc pro tunc*, making the payments to her in 1960 solely child support payments and therefore nontaxable to her under section 71(b).

Section 71(a) provides the divorced wife's gross income includes periodic payments received from her husband that are imposed by a divorce decree, but section 71(b) provides that "Subsection (a) shall not apply to that part of any payment which the terms of the decree * * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." The allocations of the husband's payments to child support must be specifically designated in the decree and not left to some computation based on inference or conjecture as to what portion will constitute alimony and what portion will constitute child support payments. *Commissioner* v. *Lester*, 366 U.S. 299.

It is admitted the original decree entered in 1956 made no allocation of the $75 a week to be paid to petitioner as between alimony and support for the three children. But the record would support a finding that this decree did not correctly reflect the court's intention at the time it was entered. The record in the divorce trial, including a transcript of the evidence before Judge Salter, is a stipulated exhibit here. It does appear that this was an uncontested divorce. There is nothing in the record which shows she specifically waived alimony and when petitioner was testifying she did, at one point in her testimony, answer in the affirmative when her attorney asked her if she was asking for support and maintenance for the children and alimony for herself. However, a colloquy ensued between her counsel and Judge Salter and Judge Salter asked petitioner questions and it fairly appears this all pertained to the right and proper order to be entered fixing the amount the husband was to pay for the support of the children. There was talk of the husband's earning capacity.

Petitioner wanted $80 a week. Her attorney suggested $75 a week and then Judge Salter made the following statement just before he excused the witness:

THE COURT. All right, I will approve a decree, setting forth child support at $75.00 a week at the present time, the present status, and $200.00 attorney fees. Next witness.

It seems obvious that the decree that was entered was incorrect in that it did not record the court's announced ruling. It was not a decree "setting forth child support at $75 a week" as the court had ordered. The facts here present a different situation than the facts in *Robert L. Daine*, 9 T.C. 47, affd. 168 F. 2d 449; *Michel M. Segal*, 36 T.C. 148; *Dorothy Turkoglu*, 36 T.C. 552; and *Peter Van Vlaanderen*, 10 T.C. 706, affd. 175 F. 2d 389, cited by respondent.

In all of the above cited cases there was no showing that the original decree did not correctly state the divorce court's determination at the time of its entry. This case is like *Margaret Rice Sklar*, 21 T.C. 349, and *Velma B. Vargason*, 22 T.C. 100, where we held the subsequent *nunc pro tunc* orders were merely designed to make the previous decree speak what the judge intended it to say. In both of these last cited cases it was held the divorce decrees that failed to specify the husband's payments were for child support were incorrect in that they did not accurately set forth what was the court's ruling. In both cases we held the subsequent *nunc pro tunc* orders that retroactively specified all of the payments were for child support merely made the decrees conform to what was the original intention of the court at the time they were entered. In those cases, as here, the tax year involved was prior to the entry of the *nunc pro tunc* order. We held it was the decree as corrected by the *nunc pro tunc* order that controlled. We reach the same conclusion here and decide the issue for petitioner. The $3,900 received by petitioner from her former husband in 1960 was excludable from her gross income under section 71(b).

*Decision will be entered for the petitioner.*