Elizabeth Rizzi v. Commissioner.
Rizzi v. Commissioner
Docket No. 880-65.
United States Tax Court
T.C. Memo 1966-166; 1966 Tax Ct. Memo LEXIS 121; 25 T.C.M. (CCH) 866; T.C.M. (RIA) 66166; July 12, 1966
*121 Held: Payments made by the former husband of the petitioner, pursuant to court orders, were wholly for the support of 2 minor children; no part thereof was for the support of the petitioner; and the total sum of the payments in each of the taxable years is excludable from petitioner's income. Gloria P. Johnson, 45 T.C. 530, followed. Thomas J. Keegan, for the petitioner. Lawrence J. Shongut, for the respondent. HARRON Memorandum Findings of Fact and Opinion
*122 HARRON, Judge: The respondent determined deficiencies in income tax for the years 1961-1963, inclusive, and 5 percent additions to the tax under section 6653(a) of the Code, as follows: Year
Deficiencies
Sec. 6653(a)
1961
$ 78.55
$ 3.93
1962
270.40
13.52
1963
276.02
13.80
The only question is whether an amount that the petitioner received in each year from her divorced husband was a payment of alimony, or was payment for the support of the 2 minor children of the petitioner and her former husband. The question arises under section 71(a) and (b). Findings of Fact The petitioner is a resident of Port Jefferson Station, New York. She filed her returns for 1961, 1962, and 1963 with the district director of internal revenue for the Brooklyn District of New York. At one time the petitioner was the wife of Frank Rizzi. They had 2 children; Carol Ann, born in 1952; and Susan, born in 1953. These children were minors during the taxable years. On September 7, 1960, the petitioner and Frank Rizzi, residents of Port Jefferson Station, entered into a written separation agreement. The parties agreed to various matters in the separation agreement, including *123 the following: (1) That the husband would convey to the wife all of his interest by a quitclaim deed in the residence at 26 Yava Street, Port Jefferson Station, which then was jointly owned by them. (2) That the wife would have the sole custody of the 2 children, and that the husband would have the right to visit the children at certain times, and have them at his residence for 1 week during each summer. (3) That the husband agreed to pay the wife for the support of herself and the 2 children $25 per week. (4) That upon the execution of the agreement the husband would pay the wife $500. (5) That each party relinquished all rights in the estate of the other. (6) That in the event of a divorce, the terms of the separation agreement would survive and continue to be binding upon the parties. The petitioner established a residence in Winston County, Alabama, for the purpose of obtaining a divorce. On September 8, 1961, a final decree of divorce was awarded to Elizabeth in an uncontested proceeding in the Winston County Court of Law and Equity of Winston County, Alabama. No alimony was awarded in the divorce decree. However, the decree of divorce contains the following clause: FOURTH: *124 That separation agreement dated September 7, 1960, and signed by each of the parties is hereby approved and the parties are directed to comply therewith. However, said separation agreement is not merged into this decree and may be modified or enforced by any court having competent jurisdiction thereof in an independent action on the agreement itself, this Court not retaining exclusive jurisdiction thereof. After the divorce, the petitioner returned to and resumed her residence in Port Jefferson Station, New York, where she has lived continuously, with her 2 children, in the family residence at 26 Yava Street. She has not remarried. During the taxable years, 1961-1963, inclusive, she was employed and earned her own living, and in her tax returns, she reported the following total amounts of earned income; $2,308.28 in 1961; $3,584.65 in 1962; and $3,775.44 in 1963. During the taxable years, the petitioner paid monthly charges under the mortgage on her residence of $103 a month. She lived there alone with the 2 children and did not receive any income from renting any part of the house. During the taxable years, the children attended school. The living expenses of the 2 children, including *125 their share of the rent, amounted to at least $56.00 per week. Petitioner paid more than one-half of the living, education, and all other expenses of the 2 children during each of the taxable years. After the execution of the separation agreement on September 7, 1960, until December 1960, petitioner received only 2 weekly payments of $25 from Frank. He lived at Rocky Point, New York. On November 2, 1960, petitioner filed an action in the Children's Court of Suffolk County, New York, against Frank Rizzi, as the father of their 2 children, in which the only allegations were that he was liable to pay for the support and maintenance of Carol and Susan, who were under 16 years of age, and that they were dependent upon him for their support; and that he had failed to provide for their support. This case is Docket No. A 3602. On December 15, 1960, the court entered an Order For Support, granting Elizabeth's petition for the father's support of the dependent persons named in the petition, Carol and Susan, and ordering Frank to pay to the court $25 per week, beginning December 16, 1960, for their support. This order was signed by Judge Franklin T. Voelker. In the event that Frank refused *126 or neglected to comply with the Order For Support, the court had the power to find him guilty of nonsupport and to commit him to the Suffolk County jail. The Order For Support dated December 15, 1960, in Docket No. A 3602, was amended by Judge Voelker, under an Amended Order of Support, dated October 9, 1963, ordering Frank to pay $28 per week beginning October 18, 1963. As of October 9, 1963, the court formerly designated the "Children's Court" was called the "Family Court of the State of New York, held in and for the County of Suffolk". The petition for support filed in Docket No. A 3602 in the Children's Court by the petitioner on November 2, 1960, states that the respondent, Frank Rizzi, "is the father" and is "liable to pay for the support and maintenance of the following named children * * * who are dependent upon respondent for support and maintenance: Carol Ann Rizzi, Susan Rizzi". The petition for support did not petition for any payment by Frank for the support of the petitioner, Elizabeth Rizzi. Although the Order For Support dated December 15, 1960, did not repeat the wording of the petition for support, it clearly constituted a granting of the petition, specifically *127 referred to the petition, and ordered and directed the respondent, Frank Rizzi, to pay into the court the sum of $25 weekly "for the support of said dependents", meaning the 2 children, Carol and Susan." The respondent (in this case) has questioned the meaning of Judge Voelker's Order For Support of December 15, 1960. On May 24, 1966, Judge Voelker entered in Docket No. A 3602, an Amended Order of Support, "to cure a mistake in the order of this Court, dated December 15, 1960, (then known as the Children's Court) upon the ground that the award of support was for the children only." In the amended order of May 24, 1966, the following was ordered, inter alia: ORDERED, that the order of this Court, dated December 15, 1960, (then known as the Children's Court) is amended nunc pro tunc as follows: ORDER FOR SUPPORT Upon reading the within petition and hearing the testimony produced thereon the Court finds that Respondent is chargeable with support as alleged in the foregoing petition. Therefore, Respondent is hereby Ordered and Directed to pay into this Court the sum of $25.00 weekly, on consent beginning on the 16th day of December, 1960 for the support of the children named *128 in the petition until further order of the Court. The petitioner received from Frank Rizzi during the taxable years, pursuant to the above-described orders of the Children's Court, and the Family Court of Suffolk County, respectively, the following total amounts: $1,300 in 1961; $1,300 in 1962; and $1,327 in 1963. The respondent, in determining the deficiencies in and additions to tax, determined that the above amounts constituted payments of alimony to the petitioner, and he increased petitioner's income for each year in the above amounts. Ultimate Findings of Fact (1) The original order of the Children's Court dated December 15, 1960, was clearly an order directing Frank Rizzi, as the father, to pay into the Court the sum of $25 per week for the support of his dependent children, Carol and Susan. The order did not refer to the former wife, Elizabeth, as a dependent, and the order was not one for the payment of any amount for the support of Elizabeth. The amended order dated May 24, 1966, although a clarifying order, added nothing to the original Order For Support of December 15, 1960, which was clear. (2) All of the payments by Frank to the court, pursuant to its order *129 of December 15, 1960, and the amended order of October 9, 1963, were solely for the support of the minor children, Carol and Susan, in the total amounts of $1,300 in 1961; $1,300 in 1962; and $1,327 in 1963. No part of the payments in each year was alimony for the support of Elizabeth, and no part is properly includible in her income. (3) No addition to income tax is due from the petitioner for 1961, 1962, and 1963 under section 6653(a) of the Code. Opinion Under section 71(a)(1), (2), and (3), periodic payments for the support of a wife, or divorced wife, pursuant to a decree of divorce, or for support, or under a written separation agreement are includible in the wife's taxable income. But under section 71(b), payments for the support of minor children do not come within the scope of section 71(a), and are not includible in the income of the wife, or divorced wife. The question is whether all or any part of the annual amounts paid by Frank was for the support of his divorced wife, Elizabeth, or whether the whole amount in each year was for the support of his 2 children. This is a question of fact, under which the petitioner had the burden of proof. The petitioner has established *130 that the entire amount paid to the court in each year, and in turn received by her, constituted payments for the support of the 2 children, and that none of the payments was for the support of the petitioner. The amount received by petitioner in each year is excludible from her gross income under section 71(b). Gloria P. Johnson, 45 T.C. 530, 533 (1966). The respondent erred in his determinations for each of the taxable years. There are no deficiencies in income tax, and no additions to tax are due under section 6653(a). Decision will be entered for the petitioner.