David L. Muss v. Commissioner.
Muss v. Commissioner
Docket No. 4542-69 SC.
United States Tax Court
T.C. Memo 1970-171; 1970 Tax Ct. Memo LEXIS 186; 29 T.C.M. (CCH) 758; T.C.M. (RIA) 70171; June 23, 1970, Filed David L. Muss, pro se, 8200 Boulevard East, North Bergen, N.J.James A. McNabb, Jr., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioner's income tax for the year 1965 in the amount of $774.38. After concessions of the parties, the only issue is whether all or only part *187 of petitioner's payments to his wife is deductible by him under section 215, I.R.C. 1954. This turns on whether effect should be given to a retroactive court order allocating a portion of petitioner's payments to his wife to child support and a portion to support of the wife. Findings of Fact The facts are stipulated and are incorporated herein by this reference. Petitioner, David L. Muss, is an individual who resided in North Bergen, New Jersey, at the time he filed his petition and at the time of the trial herein. He filed an individual Federal income tax return for the taxable year 1965 with the district director of internal revenue, Newark, New Jersey. Petitioner and Anabell S. Muss ("Anabell") were married on June 20, 1950. One child, Susan Muss, was born of the marriage on November 5, 1952. On June 11, 1965 Anabell filed a complaint for separate maintenance, and on July 22, 1965, the Superior Court of New Jersey, Chancery Division, heard the matter. During the hearing, the court stated that "there will be an allowance for the wife and child, pendente lite. The sum will be $135 a week." At the conclusion of the hearing, in reference to this amount, the court stated: *188 "You can split it up whichever way you want to, $35 for the child, $100 for the mother. She has to pay the rent." On July 22, 1965, the Superior Court of New Jersey, Chancery Division, entered an Order directing petitioner to pay Anabell $135 per week from that date until further order of the court, "for her support and maintenance and for that of the infant child of the marriage in her custody." The Order was prepared by Anabell's attorneys and approved by petitioner's attorney. On May 6, 1968, the Superior Court of New Jersey, Chancery Division, entered an Order Nunc Pro Tunc amending the Order of July 22, 1965. The Order Nunc Pro Tunc provided in pertinent part: It is on this 6 day of May, 1968 ORDERED that the Order in the within action dated July 22nd, 1965 be and the same is hereby amended as of July 22nd, 1965 as follows: "ORDERED, that David L. Muss, the above named defendant, be ordered to pay $100.00 per week for his wife, Anabell S. Muss, and $35.00 per week for the infant child of the marriage in her custody." IT IS FURTHER ORDERED, that the remaining provisions of the Order of July 22nd, 1965 in the within action shall remain the same; and IT IS FURTHER ORDERED, *189 that this Order shall have the same force and effect as if originally entered on July 22nd, 1965. Petitioner appealed from the Order Nunc Pro Tunc and on February 26, 1969, the Superior Court of New Jersey, Appellate Division, affirmed the Order in an opinion which stated as follows: PER CURIAM This appeal by defendant is generated by the income tax consequences of an order entered nunc pro tunc which amended a pendente lite support order dated July 22, 1965. On June 11, 1965 plaintiff filed a complaint for separate maintenance. Upon the motion for support pendente lite Judge Nimmo made the following determination: 759 "* * * but balancing this whole thing out of the affidavits for the purpose of the application here, pendente lite, there will be an allowance for the wife and child, pendente lite. The sum will be $135.00 a week." At the conclusion of the hearing on that motion the court added: "You can split it up whichever way you want to, $35.00 for the child, $100.00 for the mother. She has to pay the rent." The resulting order, signed by the Judge, provided as follows: "ORDERED, that David L. Muss, the above named defendant, be ordered to pay to his wife, Anabell *190 S. Muss, plaintiff, the sum of $135.00 per week commencing from the date of this Order and weekly thereafter until further order of this Court for her support and maintenance and for that of the infant child of the marriage in her custody" The order appealed from, signed by Judge Matthews, states in pertinent part: "ORDERED, that David L. Muss, the above named defendant, be ordered to pay $100.00 per week for his wife, Anabell S. Muss, and $35.00 per week for the infant child of the marriage in her custody. * * * IT IS FURTHER ORDERED, that this Order shall have the same force and effect as if originally entered on July 22nd, 1965." R.R. 4:98-9(a) provides that in awarding support the court shall specifically set out in its order or judgment the amounts allocated for the wife and children. Hence, the original order signed by Judge Nimmo should have contained a specific allocation of the respective amounts payable to the wife and child and, thus, have expressed the court's oral direction, as above set out. Although the appendix contains none of the transcript of the argument before Judge Matthews and no statement of reasons for the order under review, it is clear to us that *191 in signing the nunc pro tunc order the trial court had in mind the carrying out of Judge Nimmo's pronouncement, which by oversight was omitted from his order for support. See Atwater v. Baskerville, 89 N.J. Eg. 121, 124 (Ch. Div. 1918), aff'd 90 N.J. Eq. 275 (E. & A. 1919). Affirmed. During the taxable year 1965 petitioner made 24 weekly payments to his wife of $135 each. In his tax return for that year petitioner deducted $3,390 from his gross income as "Separate Maintenance Payments." The Commissioner, however, in his letter of deficiency, stated: (e) It is determined that you are allowed a deduction of $2,040.00 for separate maintenance payments to your wife, Anabell S. Muss, in 1965. Since you deducted $3,390.00, the amount of $1,350.00 is not deductible. The Commissioner now concedes that the minimum allowable deduction for petitioner's separate maintenance payments is $2,400, and the petitioner concedes that the maximum allowable deduction for these payments is $3,240. Opinion RAUM, Judge. The issue has been narrowed to whether petitioner may deduct the whole amount of the $135 weekly payments made to his wife during 1965 pursuant to section 215(a) *192 [1] as payments for separate maintenance and support described in section 71(a)(3), [2] or whether he may deduct only $100 of each weekly payment pursuant to these sections. Petitioner argues that since the New Jersey court order of July 22, 1965 did not specify that a portion of each payment was allocable to child support the whole amount is deductible. See Commissioner v. Lester, 366 U.S. 299. The Commissioner, however, argues that the nunc pro tunc order of the New Jersey court entered May 6, 1968, retroactive to July 22, 1965, which allocates $35 of each payment to child support should control, and that, accordingly, the $35 is nondeductible under the terms of section 71(b), [3] I.R.C. 1954. We agree with the Commissioner. 760 *193 The original order entered July 22, 1965, requiring petitioner to make weekly payments of $135 to his wife, did not specify the manner in which this amount was to be allocated between support and maintenance of thewife and support of the minor child. This order was amended by an Order Nunc Pro Tunc, entered May 6, 1968 to provide that $100 be allocated to the support of the wife and $35 to the support of the minor child, retroactively to July 22, 1965. It is clear that retroactive orders of state courts which change the legal effect of earlier court orders do not alter the tax consequences arising from the rights established in the earlier order. Peter Van Vlaanderen, 10 T.C. 706, affirmed 175 F. 2d 389 (C.A. 3); Michel M. Segal, 36 T.C. 148; Dorothy Turkoglu, 36 T.C. 552. However, where it appears that the retroactive order was entered to conform the terms of the earlier order to the intent of the court at the time the original order was entered, the tax consequences are determined by the order as corrected by the retroactive decree. Margaret R. Sklar, 21 T.C. 349 (Acq. C.B. 1968-2, 3); Velma B. Vargason, 22 T.C. 100 *194 (Acq. C.B. 1968-2, 3); Gloria P. Johnson, 45 T.C. 530 (Acq. C.B. 1962-2, 3). Though the matter is not entirely free from doubt, we conclude that the New Jersey court's nunc pro tunc order merely conformed the wording of the original order to the intent of the trial judge expressed at the trial. This conclusion is supported by the findings of the New Jersey Superior Court, Appellate Division. Petitioner has argued that no allocation between child support and support for his wife was intended by the trial judge when he entered the original order and that his wife procured the allocation contained in the nunc pro tunc order solely to minimize the tax burdens imposed upon her by reason of the original wording of the support order. The stipulated record before us does not support petitioner's contention. Moreover, the wife's motives would appear to be irrelevant if the nunc pro tunc order was in fact intended to correct an erroneous original order. And though the remarks of the trial judge may have been unclear with respect to the question of whether an allocation between child support and support for the wife was intended, we are persuaded by the opinion of the Superior *195 Court of New Jersey, Appellate Division, that, in light of New Jersey law, an allocation was both intended and required. Decision will be entered under Rule 50. Footnotes
1. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income. 2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * * (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩