ALEXANDER C. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 26341-86
United States Tax Court
T.C. Memo 1989-415; 1989 Tax Ct. Memo LEXIS 413; 57 T.C.M. (CCH) 1248; T.C.M. (RIA) 89415; August 10, 1989
Donald W. Ferrell, for the petitioner. Dorinda J. Meyers-Ohnstad, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1982 in the amount of $ 3,255. The issue for decision is whether *414 petitioner is entitled to a deduction of $ 1,500 per month in 1982 for the payment of alimony pursuant to section 215. [1]
FINDINGS OF FACT Some facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. Petitioner resided in Bellevue, Washington, at the time the petition in this case was filed. Petitioner was married in 1971. In October 1981, petitioner was in the process of obtaining a dissolution of the marriage. On October 2, 1981, petitioner attended a hearing before Stephen Gaddis (Commissioner Gaddis), a Court Commissioner for the Washington State King County Superior Court (the State Court). The hearing was for the purpose of setting the terms of a temporary support order in connection with petitioner's dissolution of marriage. At the hearing, Commissioner Gaddis was presented with opposing arguments by petitioner and his estranged wife, Elizabeth M. Johnson, concerning the amount of support petitioner was to pay pending final dissolution of the marriage. *415 Commissioner Gaddis orally decreed that petitioner was to pay Elizabeth M. Johnson: the sum of $ 500.00 per month per child, for a total of $ 1,000.00 as child support, and $ 500.00 per month maintenance, the total of $ 1,500.00 being designated as undifferentiated maintenance and child support * * *. On October 16, 1981, Elizabeth M. Johnson filed with the State Court a Motion For Reconsideration and Clarification. By such motion she sought, inter alia, an increase in the amount of temporary maintenance to be paid by petitioner. On October 28, 1981, Commissioner Gaddis effectively denied Elizabeth M. Johnson's motion by issuing a written Order Pendente Lite which contained language identical to the original oral decree quoted above. Petitioner paid Elizabeth M. Johnson $ 18,000 during 1982 pursuant to the State Court's Order Pendente Lite. Petitioner deducted $ 1,500 per month, $ 18,000 for the year, as alimony on his 1982 tax return. In 1984, respondent audited petitioner's 1982 return and questioned the propriety of deducting the full $ 1,500 per month. Respondent informed petitioner that he would be willing to accept petitioner's position -- viz. that the full *416 $ 1,500 per month was deductible -- if petitioner could establish that: (1) Elizabeth M. Johnson reported such amount as alimony income; or (2) it was the intent of Commissioner Gaddis that the full $ 1,500 per month be undifferentiated maintenance. Of the $ 18,000 received from petitioner during 1982, Elizabeth M. Johnson reported only $ 6,000 as alimony income. The remaining $ 12,000 received was considered by her to be nontaxable child support. Accordingly, petitioner's only recourse was to establish that Commissioner Gaddis' intent was as petitioner asserted. In an attempt to establish Commissioner Gaddis' intent, petitioner filed with the State Court a Motion for Clarification/Correction of the Order Pendente Lite (motion for Clarification/Correction). The clarification sought by such motion was: whether or not the [state] court intended that the entire sum of $ 1,500.00 be treated as undifferentiated maintenance and therefore deductible, or * * * whether the precatory language relating to specific amounts was intended to limit the deductibility of the undifferentiated maintenance to the $ 500.00 ascribed to the wife. Petitioner's motion to the State Court was heard *417 on February 22, 1985. Petitioner and Elizabeth M. Johnson, through counsel, presented evidence and argument to Commissioner Gaddis concerning the Motion for Clarification/Correction. Commissioner Gaddis granted petitioner's motion on June 24, 1985, by issuing an Order of Clarification Nunc Pro Tunc (Order Nunc Pro Tunc). Such order provided that the State Court's October 28, 1981 Order Pendente Lite was to be clarified and modified to read as follows: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent/Husband, Alexander C. Johnson, be, and thereby is ordered to pay to the Petitioner/Wife, Elizabeth M. Johnson, the sum of $ 1,500.00 per month spousal maintenance, such sums to be included in the income of the Wife and deductible by the Husband * * *. Pursuant to the terms of the Order Nunc Pro Tunc, it was to relate back to the original date of entry of the State Court's Order Pendente Lite, October 28, 1981. Commissioner Gaddis granted petitioner's Motion for Clarification/Correction because the language in the State Court's Order Pendente Lite did not accurately reflect his intent. Commissioner Gaddis modified his Order Pendente Lite through his Order Nunc *418 Pro Tunc because the wording of the Order Pendente Lite was inaccurate. Commissioner Gaddis intended, by his Order Pendente Lite, to require petitioner to pay Elizabeth M. Johnson $ 1,500 per month undifferentiated spousal maintenance and child support, not that petitioner pay $ 1,000 per month child support and $ 500 per month spousal maintenance. Such order was an exception to Commissioner Gaddis' normal procedures in issuing Orders Pendente Lite. Commissioner Gaddis rarely chose to not designate as child support a portion of the family support payments he ordered. OPINION The issue for decision is whether under section 215 petitioner is entitied to deduct $ 18,000 for the payment of separate maintenance in 1982. Generally, section 215 allows a deduction of amounts paid as separate maintenance if, under section 71, the recipient of the payments is required to include the amounts received in their gross income. Section 71(a) provides that a recipient spouse's gross income includes periodic payments made to them by their estranged spouse if the recipient spouse is legally separated *419 from the payor spouse under a decree of separate maintenance, and if the recipient spouse receives the payments, after such decree, in discharge of a legal obligation imposed upon the payor spouse because of the marital or family relationship. Section 71(b), however, provides that the recipient spouse is not required to include in gross income that portion of the payments described by section 71(a) which, by the terms of the decree, is fixed as a sum which is payable for the support of the payor spouse's minor children. That is, the payor spouse is merely afforded a deduction for that portion of the support payments he or she makes which is "not specifically earmarked * * * as payable for the support of the children." Commissioner v. Lester, 366 U.S. 299, 304 (1961). Petitioner asserts that in determining whether any portion of his payments was specifically earmarked as child support, we should look to the State Court's Order Pendente Lite as retroactively modified by Commissioner Gaddis' Order Nunc Pro Tunc. That modified decree, petitioner contends, does not fix a portion of his payments as child support. Accordingly, petitioner asserts his payments are includable *420 in the gross income of Elizabeth M. Johnson under section 71 and deductible by petitioner under section 215. Respondent argues that the Order Nunc Pro Tunc should not be given retroactive effect by this Court and that we should look only to the original Order Pendente Lite to determine whether any portion of the payments in question were fixed as child support. Respondent asserts that the Order Pendente Lite, unmodified by the Order Nunc Pro Tunc, clearly "earmarks" $ 1,000 per month as child support. Consequently, respondent asserts only $ 500 of the $ 1,500 paid by petitioner per month is includable in Elizabeth M. Johnson's gross income and deductible by petitioner. We generally disregard for Federal income tax purposes State court adjudications retroactively designating divorce-related payments as alimony and not child support (or vice versa) if the order retroactively changes the rights of the parties or the legal status of the payments. Graham v. Commissioner, 79 T.C. 415, 419-420 (1982); Gordon v. Commissioner, 70 T.C. 525; 530 (1978); Turkoglu v. Commissioner, 36 T.C. 552, 555 (1961); *421 Segal v. Commissioner, 36 T.C. 148, 153 (1961); Daine v. Commissioner, 9 T.C. 47, 51 (1947), affd. 168 F.2d 449 (2d Cir. 1948). An exception to this rule is made, however, where the retroactive order was entered to correct a decree that mistakenly failed to reflect the true intention of the Court at the time the decree was entered. We will then recognize for Federal tax purposes a "true nunc pro tunc order." Graham v. Commissioner, supra at 420; Gordon v. Commissioner, supra at 530; Newman v. Commissioner, 68 T.C. 494, 501 (1977); Johnson v. Commissioner, 45 T.C. 530 (1966). In the case at hand, the exception to the general rule applies. It is clear that the unamended Order Pendente Lite did not give effect to the intention of the State Court. The language of the Order Pendente Lite is internally inconsistent and contradictory. Further, Commissioner Gaddis provided credible testimony at trial that he intended, at the time of entry of the Order Pendente Lite, that the $ 1,500 a month payment required of petitioner be undifferentiated family support, *422 fully deductible by petitioner. Respondent does not argue that Commissioner Gaddis lacked authority to issue such order. Accordingly, we hold that petitioner is entitled to deduct $ 18,000 in 1982 as separate maintenance paid pursuant to section 215. To reflect the foregoing, Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue, unless otherwise indicated.↩