SHIRLEY SLACK MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Martin v. Commissioner
Docket No. 7493-71.
United States Tax Court
T.C. Memo 1973-228; 1973 Tax Ct. Memo LEXIS 60; 32 T.C.M. (CCH) 1080; T.C.M. (RIA) 73228; October 16, 1973, Filed IEdwin Kidd Hunter, for the petitioner. Bruce A. McArdle and R. Travis Douglas, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined the following deficiencies in Shirley Slack Martin's (hereinafter referred to as petitioner) Federal income taxes: Taxable Year
Deficiency 1967
$196.95
1968
200.50 2 Three issues were raised by petitioner in her petition. The issue raised by petitioner as to the correctness of the respondent's disallowance of petitioner's claimed deduction for amounts expended *61 in regard to an alleged beauty counseling business carried on in petitioner's home has not been pursued by petitioner either by evidence or on brief and we assume that petitioner has abandoned that issue. The issue involving the amount of petitioner's allowable medical deductions will be resolved depending on the outcome of the other issues. Therefore, the only issue to be determined herein is whether amounts paid to petitioner in 1967 and 1968 by her former husband pursuant to a divorce decree were includable in her gross income as alimony pursuant to section 71, Internal Revenue Code of 1954. [1]
FINDINGS OF FACT All of the facts have been stipulated by the parties and are so found. Petitioner is a femme sole who was residing in Lake Charles, Louisiana, at the time this petition was filed. She filed her individual income tax returns for the years 1967 and 1968 with the district director of internal revenue, New Orleans, Louisiana. 3 Prior to February 8, 1960, the petitioner was married to William F. Martin and together they resided *62 in St. Charles Parish, Louisiana. On February 8, 1960, petitioner obtained an original divorce decree from William F. Martin in the 29th Judicial District Court, St. Charles Parish, Louisiana, which decree provided, in pertinent part, as follows: IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of defendant, plaintiff in reconvention, Mrs. Shirley Slack Martin, and against plaintiff, William F. Martin, granting unto defendant, plaintiff in reconvention, a divorce "a vinculo matrimonii" from plaintiff, and, IT IS FURTHER ORDERED that defendant, plaintiff in reconvention, be granted the permanent care, custody and control of the minor children, Ann Martin, Nancy Martin, William Martin, Robert Martin, and John Martin, and, IT IS FURTHER ORDERED that defendant, plaintiff in reconvention, be granted the sum of TWO HUNDRED TWENTY-FIVE AND NO/100 ($225.00) DOLLARS per month alimony for herself and for and on behalf of the said minor children. JUDGMENT RENDERED on this 8th day of the month of February, 1960. (sgd)C. William Bradley
JUDGE From February 8, 1960 until March 16, 1966, William F. Martin made regular and periodic payments to petitioner *63 in the amount of $225.00 per month pursuant to the judgment of final divorce. 4 During the calendar years 1960 through 1965, petitioner reported the total payments received from her former husband, William F. Martin, as income from alimony on her income tax returns. William F. Martin sent a letter to petitioner dated March 16, 1966, which reads as follows: Shirley, As you note the check is only for $180.00. Ann was 21 in October and graduated from College in January. I have continued to pay the full amount through January although she had attained legal age in October to help out until she finished colleged. I am aware that the decree reads "$225.00 per month alimony for herself and for and on behalf of the said minor children." I have been advised that the alimony portion of it could be separated, declared and set aside since you certainly are self-supporting. However, you once said that the money was all for the children, and I am in complete agreement with you that it should be. I have deducted one-fifth for Ann's portion since she is of legal age. If you are in agreement, we can have an agreement made out of court and filed to make it a part of the initial decree *64 by reference, stating that the money is to be paid monthly (at $45.00 per child, per month) until each child attains legal age, or marries, and that the money is solely for child support at the above mentioned amount, and is to be paid to a certain place (preferably a probation court) on a certain date of each month until the children are considered adults. This way you could still claim the children as dependents and not have to pay income tax on what you receive, and I cannot declare any deduction on what I pay. This would clarify the complete situation until the children reach legal age, or marry. 5 If this does meet with your approval then please let me know of your concurrence, and I will (or you may) have agreements drawn up to the above effect for execution by both of us and made a part of the initial decree as an amendment. This would avoid attorney fees and court costs for you. If I have not heard from you by the middle of next week upon my return, I will assume that you do not consider this suggestion to be valid, and I will proceed accordingly and suggest you do the same. /s/ Bill Shirley, this note is not written with animosity, but certainly you will agree *65 that as time passes some fair an [sic] impartial grounds must be reached in this situation with past grievances and personalities set aside. Subsequent to receipt of the letter dated March 16, 1966, petitioner did not report payments made to her by William F. Martin as income from alimony on her 1966, 1967, or 1968 income tax returns. On September 9, 1970, an Amended Judgment of Final Divorce was rendered by Judge C. William Bradley of the 29th Judicial District Court, St. Charles Parish, Louisiana, in the matter of Mrs. Shirley Slack Martin and William F. Martin: The amended judgment provided, in part, as follows: IT IS ORDERED, ADJUDGED AND DECREED, that all the provisions of the original Judgment of Final Divorce be incorporated herein with the following exception: That the last paragraph of the original Judgment read as follows: 6 "It is further ordered that defendant, plaintiff in reconvention, be granted the sum of $70.00 per month alimony for herself and the sum of $155.00 per month for and on behalf of the said minor children, the total sum equalling the amount of TWO HUNDRED TWENTY-FIVE AND NO/100 ($225.00) DOLLARS per month." JUDGMENT RENDERED AND SIGNED *66 on this 9th day of the month of September, 1970. /s/C. William Bradley
DISTRICT JUDGE On October 26, 1971, a statutory notice of deficiency for the years 1967 and 1968 was mailed by the respondent to the petitioner. [2] The deficiencies asserted were based on inclusion of $1,080, each year, as alimony in petitioner's gross income. OPINION Petitioner, a divorced woman, was the recipient of amounts paid to her under the divorce decree entered in 1960. The payments under that decree were paid as "alimony for herself and on behalf of said minor children." Until 1966 petitioner included these payments in her gross income as alimony. In 1966, however, petitioner received a letter from her former husband suggesting that they reach an out-of-court agreement which could be "filed to make it a part of the initial decree by 7 reference" and which would state that the money paid her was for child support. There is no evidence that petitioner *67 agreed with the suggestion made in the above letter. However, subsequent to its receipt by her, petitioner did not include any payment received from her husband in gross income for the taxable years 1966, 1967, and 1968. In 1970, Judge Bradley, the same judge who had rendered the initial divorce decree, rendered an Amended Judgment of Final Divorce in which the $225.00 monthly payment to petitioner by her former husband was allocated as $70.00 per month alimony and $155.00 per month for child support. Section 71(a) (1) provides in part, that if a wife is divorced from her husband by a decree of divorce, her gross income shall include periodic payments received by her if the payments are made by the husband in discharge of a legal obligation which, because of the marital or family relationship is imposed on him under the divorce decree. These periodic payments are includable in the wife's income in the year she receives them. Section 1.71-1(b) (5), Income Tax Regs.
However, section 71(b) provides that any part of a payment which the terms of the decree fix as a sum that is payable for the support of minor children, shall not be taxable as alimony to the wife. In order not to *68 be includable in the wife's gross 8 income, however, the sums payable for the support of the minor children of the husband must be "specifically designated." Section 1.71-1(e), Income Tax Regs.; Commissioner v. Lester, 366 U.S. 299 (1961). In the instant case, the original judgment of divorce provided that $225.00 per month was payable to the petitioner as "alimony for herself and for and on behalf of the said minor children." The amounts payable for the benefit of the children were not specifically designated. Commissioner v. Lester, supra. Petitioner contends on brief, however, that the 1970 amended judgment reflects and confirms the "agreement and intention of the parties, and the finding of the court at the time of the original judgment." Petitioner argues that "in view of the fact that William had five minor children to support, the bulk of the award was intended by the court to be for their support and the amended judgment was merely for the purpose of expressing the true decision of the court." We have in numerous cases dealt with the question of what effect a later judgment of divorce has on the earlier original judgment. We have held in *69 a number of cases that amounts received in earlier years under a divorce decree which did not specifically 9 designate what portion of the payments were to be allocated to child support were taxable to the taxpayer despite a later decree which specifically designated the allocation of payments. Josephine D. Cothran, 57 T.C. 296 (1971); Mary James Wilson, 49 T.C. 1 (1967); Michel M. Segal, 36 T.C. 148 (1961); Dorothy Turkoglu, 36 T.C. 552 (1961); Frances Hummel, 28 T.C. 1131 (1957). In other cases, we have given effect for tax purposes to a nunc pro tunc order issued by a court correcting a mistake which had been made in the original decree and conforming the original decree to what was the intention of the court at that time. Gloria P. Johnson, 45 T.C. 530 (1966); Velma B. Vargason, 22 T.C. 100 (1954); Margaret Rice Sklar, 21 T.C. 349 (1953). The latter cases are clearly distinguishable from the present case. In both the Sklar and Vargason cases, the nunc pro tunc amendments were entered, not to alter the legal status of the parties concerned, but to correct errors the *70 courts themselves had made in formulating the original decrees and to conform the original decrees to what was the intention of the court at the time the original decrees were entered. The Johnson case is even more clearly distinguishable. There the 10 original decree obviously did not conform to the expressed ruling of the court made during the course of the trial and the subsequent order was made to correct this mistake. In Dorothy Turkoglu, supra, this Court concluded that an "Order for Modification" entered by a Pennsylvania state court was not a nunc pro tunc order which should be given retroactive effect, that nothing in the order itself showed it was issued to correct an error or inadvertence appearing in the original order and that there was nothing to indicate that the original decree entered by the state court did not correctly reflect that court's intention at the time it was entered. In so concluding, this Court stated: A nunc pro tunc order rectroactively corrects an original record which is erroneous through inadvertence or mistake. In re Wight, 134 U.S. 136; In re Jurkowitz" Estate, 359 Pa. 570, 59 A.2d 895. The power *71 to remedy defects or omissions in its records is inherent in courts of justice, Gagnon v. United States, 193 U.S. 451. This power is also conferred on Federal courts by statute, Gagnon v. United States, supra, and in Pennsylvania courts by the common law reinforced by common law statute. n2 Stilwell v. Smith, 219 Pa. 36, 67 Atl. 910. An order need not necessarily contain the words nunc pro tunc to be given effect as such, if it appears that a retroactive correction of the record was intended by the order in question. Ellis v. Clark, 173 Ga. 618, 160 S.E. 780; Cornell v. Cornell, 7 N.Y. 2d 164, 164 N.E. 2d 395. And see Evans v. Freeman, 140 F. 419 (C.C. E.D. Pa.) In both Sklar and Vargason it clearly appears that the State courts intended the later orders to be 11 nunc pro tunc corrections. In prior decisions of this Court in which we have found nunc pro tunc orders existed (whether or not we accorded them retroactive effect) such orders have uniformly appeared to be intended by the State Courts to be nunc pro tunc. [3]
Here, the Delaware County Court did not label its "Order for Modification" a nunc *72 pro tunc order and nothing in the order itself shows that it was issued to correct an error or inadvertence appearing in the original order. Indeed, the contrary appears. The term "modification" used by the court, connotes change, not correction. n4 We conclude that the court's later order was not issued nunc pro tunc. We can find nothing to indicate that its original decree did not correctly reflect the court's intention at the time it was entered. [Footnotes omitted.] The present case calls for similar conclusions. The 1970 "Amended Judgment of Final Divorce" in no way purports to be a nunc pro tunc order or to be retroactive. There is nothing in the amended judgment itself to show that it was issued to correct an error or inadvertence appearing in the original divorce decree, and we find nothing to indicate that the original decree did not correctly reflect the state court's intention at the time it was entered. Petitioner makes an alternative argument that petitioner's former husband owed two debts, one to her for alimony and one to the children for their support and that under Louisiana law a debtor of several debts has a right to declare when he makes a 12 payment *73 what debt he means to discharge. La. Civ. Code Art. 2163. [3] Thus, she apparently argues that the state law has the effect of allocating part of the payments to alimony and part to child support irrespective of what was set out in the original divorce decree. *74 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. In absence of any affirmative plea of limitation with respect to the taxable year 1967, we need not and do not consider this question. See, R. G. Robinson, 12 T.C. 246 (1949), affd. 181 F.2d 17↩ (C.A. 5, 1950). 3. The Louisiana Civil Code Article 2163 states: "The debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge." We cannot accept this contention. In Commissioner v. Lester, supra, the Supreme Court made the following statement: The hearings, Senate debates and the Report of the Ways and Means Committee of the House all indicate that it was the intention of Congress, in enacting § 22(k) and § 23(u) of the Code, to eliminate the uncertain and inconsistent tax consequences resulting from the many variations in state law. "[The] amendments are designed to remove the uncertainty as to the tax consequences of payments made to a divorced spouse…." S. Rep. No. 673, Pt. 1, 77th Cong., 1st Sess. 32. They "will produce uniformity in the treatment of amounts paid…regardless of variance in the laws of different States…." [Sections 22(k) and 23(u) of the 1939 Code, are predecessors to sections 71 and 215 of the 1954 Code, respectively.] In light of the Supreme Court's statement in Lester, we hold that for tax purposes, Article 2163 has no effect on the designation of payments set forth in the original divorce judgment. 13 Accordingly, we sustain the determination of the respondent for the reasons set forth above. Decision will be entered for the respondent. ↩